## J. B. FORBES ET AL. V. SAMUEL D. HICKS.

### [FILED JUNE 27, 1889.]

1. **Fugitives From Justice.** Section 330, *et seq.*, of the Criminal Code contemplates that the charge of the crime against the person to be arrested and delivered up must be made in the state where the offense was committed. The charge must be to some court, magistrate or officer, in the form of an indictment, complaint, or other accusation known to the laws of such state or territory, and be pending; and a complaint made before a magistrate in this state which fails to allege that such charge is pending against the accused in the state where it is alleged the offense was committed, will not confer jurisdiction on such magistrate.

2. **False Imprisonment:** EVIDENCE. In an action for false imprisonment against three defendants, one of whom had procured the issuance, by one of the others, who was a justice of the peace, of a warrant, by virtue of which the other, who was a constable, had arrested and imprisoned the plaintiff, *held*, that the warrant and complaint, on which it was issued, were properly admitted in evidence.

3. ——: ——. In the action described in the second clause of this syllabus a part of the damages sustained by the plaintiff consisted of the fees and expenses of a proceeding in *habeas corpus* in the county court by which he was released from such imprisonment: *Held*, That the docket of the county court, containing the entries of such proceedings, was properly admitted in evidence.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*C. C. Flansburg,* for plaintiff in error, cited: *In re Manchester,* 5 Cal., 237; Bishop Crim. Pro., vol. 1, sec. 222; *Poulk v. Slocum,* 3 Blackf. (Ind.), 422.

*John Dawson,* for defendant in error, cited: *People, ex rel. Lawrence, v. Brady,* 56 N. Y., 182; *Ex parte White,* 49

Cal., 433; *Smith v. State*, 21 Neb., 552; Cooley on Torts, 173.

COBB, J.

This case was tried in the district court of Harlan county and brought to this court to review the judgment below, on error.

The plaintiff below alleged that on February 28, 1887, the defendants unlawfully, and with force, assaulted and imprisoned him, and detained him in prison for the space of six days without reasonable or probable cause, to his damage for expenses of defense of $50 and of $1,950 for interruption of his business and for bodily and mental suffering.

The defendants, Forbes and Mason, answered, denying all the allegations and averments of the plaintiff.

There was a trial to a jury with findings for the plaintiff and a verdict for $350 damages.

The defendants' motion for a new trial was overruled, in case the plaintiff should remit $150 of the amount of the verdict; and the plaintiff having remitted that sum, judgment was entered for $200 damages and costs.

Exceptions having been taken, the plaintiffs in error assign as errors:

1. That the court erred in admitting the county court record docket.

2. In admitting the justice's docket, p. 62.

3. In orally instructing the jury without the consent of defendants.

4. In permitting the plaintiff to go outside the record in argument to the jury.

5. In overruling the motion for a new trial.

As near as it is possible to arrive at the facts in the case from the very imperfect bill of exceptions, the defendant, William E. Goddard, went before the defendant, Jerome

B. Forbes, a justice of the peace of Harlan county, and charged the plaintiff, Samuel D. Hicks, with the crime of being a fugitive from justice, by a written complaint upon oath; the justice thereupon issued a warrant for the arrest of Hicks and placed it in the hands of the defendant, Robert Mason, who was a constable of said county. Mason arrested Hicks and brought him before the justice of the peace. Hicks pleaded not guilty. A trial was had and thereupon the justice found Hicks (defendant in said proceeding) guilty in manner and form as charged in said complaint and ordered him to be detained by the said constable for the period of ten days, unless sooner discharged or removed by operation of law, and issued a *mittimus* to said Robert Mason to that effect. Thereupon Hicks continued in the custody of Mason until he was discharged by *habeas corpus* proceedings. For this imprisonment Hicks sued Goddard, Forbes, and Mason.

Upon the trial the plaintiff called the defendant Forbes as a witness, who testified that about two weeks before a previous term of the court he had sent the complaint and warrant in said cause against Hicks "to the attorney," without stating what or whose attorney, and had not seen them since. Upon cross-examination he stated that his docket contained a copy of the complaint. Samuel D. Hicks took the stand and testified that he was the plaintiff in the case; that he resided at Republican City; that he was in the custody of Robert Mason for nine days; that Mason told him that if he would conclude to stay with him and not try to get away from him, that he might stay with him and he would not put him in jail; that he was before Forbes and Forbes turned him over to Mason; that he had to employ an attorney and paid him $50; that he lost nine days while in custody; that he had to hire his brother to go and see an attorney, for which he paid him $3, and that Mason kept control of him all the time. In answer to the question by his attorney, "Do you know what you were

8

arrested for?" he answered, "Goddard claimed he had me arrested for trying to get away with some property;" that he did not owe him anything.

Upon cross-examination he stated that he thought that Forbes was acting as justice of the peace; that Mason was acting as constable; that Mason had a writ in his hand when he arrested him; that the writ was issued by Forbes as a justice of the peace on Goddard's complaint; that he made an agreement with Mason to stay with him; that he went home a couple of times for about fifteen minutes at a time. On re-examination, to the question put by his attorney, "Do you know how you got your liberty?" he answered, "I think you got out some process and got me out." To the question "What was your time worth while you were in custody?" he answered, "Well, more than usual, as I wanted to go to seeding and my wife was sick and I ought to have been right there with her."

Plaintiff offered in evidence certain pages of the docket of the county court containing the entry of proceedings in *habeas corpus*, consisting of an affidavit by E. S. Hicks on behalf of Samuel D. Hicks, to the effect that said Samuel D. Hicks was unlawfully deprived of his liberty by Robert Mason, etc.; the issuance of a writ of *habeas corpus*; the return of said writ by Robert Mason, constable, which return purports to have attached thereto a mittimus issued by Jerome B. Forbes, justice of the peace, etc. But the *mittimus* is not set out in the bill of exceptions, while the proceedings of said county court, under date March 5, 1887, are set out, by which it appears that the county court found that Samuel D. Hicks was unlawfully deprived of his liberty by Robert Mason, and was discharged from custody, etc.

The admission of said docket in evidence was objected to by the defendants, whereupon it was admitted as to the defendant Mason only.

The plaintiff also offered so much of the docket of the ·

justice of the peace as purports to be a copy of the complaint against the plaintiff which, over defendant's objection, was received. I here copy the docket entries:

"The State of Nebraska v. R. B. Hicks. February 28, 1887. Complaint in writing and on oath made and filed before me by W. E. Goddard, charging that one Samuel D. Hicks, late of Phillips county, Kansas, and now within the county of Harlan, Nebraska, is a fugitive from justice; that said Samuel D. Hicks is charged with, on the 30th day of January, 1887, in the county of Phillips, and state of Kansas, after having mortgaged one span of mules, one black and one bay horse with a black stripe across the shoulders, eight or nine years old, and bay mare mule nine or ten years old, one standard corn planter, one standard corn plow, one Mast sulky plow, one double harness, one three section sixty-tooth drag, W. E. Goddard being the owner thereof, fraudulently removing and concealing the said mortgaged property with the fraudulent intent to place the same beyond the control of the said W. E. Goddard, now do issue warrant and deliver same to Robert Mason, constable. Warrant returned endorsed as follows, to-wit:

"'Received this warrant on the 28th day of February, 1887, and according to the command thereof I arrested the within named S. D. Hicks, and now have his body before this court.

"'ROBERT MASON, *Constable.*'

"Defendant arraigned and plead not guilty, where, upon examination, after hearing the evidence, I find the defendant guilty in manner and form as charged in said complaint, and ordered the said Samuel D. Hicks to be detained by the said Robert Mason for the period of ten days, unless sooner discharged or removed by operation of the process of law. Issued mittimus to Robert Mason therefor.

"J. B. FORBES,
"*Justice of the Peace.*"

It appears that counsel for plaintiff during his argument to the jury read said copy of the complaint, when, upon objection by counsel for defendants, the court announced as follows : " The law is this—that where the law of a foreign state comes in question and the law of said state is not introduced in evidence, the presumption is that it is like the law in our state."

By counsel for plaintiff to the jury: " Here is a poor man who had to mortgage his only two cows to obtain his release from this prosecution ; " to which remarks the counsel for defendants objected, as improper and not in the record.

By the court : " I sustain the objection and the jury are instructed to pay no attention to it."

By the counsel for the plaintiff to the jury : " Probably this defendant was paid something for manifesting this interest."

The defendants objected to these remarks of counsel for plaintiff. Overruled by the court as to defendant Mason.

The law of this case, arising upon the principal question presented, is sufficiently stated in the opinion in the case of *Smith v. State*, 21 Neb., 552. By reference to the copy of the complaint made by Goddard against Hicks as taken from the docket of the defendant Forbes, it will be seen that the only allegation against Hicks in addition to the general one that he is a fugitive from justice, is that he "is charged with, on the 30th day of January, 1887, in the county of Phillips, and state of Kansas, after having mortgaged one span of mules," etc., " fraudulently removing, and concealing," etc. It is not stated that this charge has been made upon oath, or that it was made to any court or authority, or that such charge was then pending against the said accused. For aught that is stated said charge might have been a mere idle, non-judicial accusation, made through the newspapers, or at the hustings, or if even made judicially, he may have been acquitted of it.

For these reasons, upon the authority of the case above cited, and which opinion is amply sustained by cases cited from the courts of other states, and of the United States, the warrant issued by the defendant Forbes by the procuration of the defendant Goddard, and upon which the defendant Mason arrested and imprisoned the plaintiff, was simply void. It follows, therefore, that it could afford no protection to the defendants for the imprisonment of the plaintiff.

Had the suit been against Mason alone, there would have been neither necessity for nor propriety in the introduction of evidence showing the pretended authority upon which the arrest and imprisonment of the plaintiff were made, but it was necessary, and hence proper, for the purpose of connecting Forbes with the arrest and imprisonment. The proceedings in the county court upon *habeas corpus*, upon which the plaintiff was discharged from the imprisonment, which constituted his cause of action, were necessary, as the expense of such proceedings was a consideration in his measure of damages, and consequently was admissible in evidence.

There was no error in the court's stating the law applicable to the objection raised by the counsel for defendants to counsel for the plaintiff's reading the copy of the complaint to the jury, when summing up. The provision of the statute which requires the court to reduce his instructions to the jury to writing, and file them with the record, has no reference to the decision of, or ruling by, the court on the points which arise during the progress of a trial, or while counsel are summing up to the jury. Such decisions and rulings, generally accompanied by necessary explanations, while not addressed to, nor intended for, the jury, are necessarily made in their hearing.

Plaintiffs in error objected to two remarks of counsel for the plaintiff in his argument to the jury. As to one, the objection was sustained and the counsel sufficiently re-

buked, and the jury cautioned; but as to the other, the court said that he would overrule the objection as to the defendant Mason.   The departure from the line of legitimate discussion by counsel in this instance was not very gross; and while trial courts should not fail to notice and rebuke serious violations of the rules of discussion and argument on the part of counsel in the argument of causes to juries, it is not deemed proper to establish a rule by which trivial departures from correct practice, in this respect, would be held to be a reversible error.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.