LEWIS HOPNER, Appellant, *v.* JOHN E. McGOWAN, Respondent.

Plaintiff was arrested without a warrant and taken into a District Police Court, by a policeman in the city of New York, on the complaint of one G., who claimed that plaintiff had assaulted him. The police justice was engaged and plaintiff was taken to the desk of defendant, who was the assistant clerk. While the officer was stating the case, defendant, apparently annoyed by plaintiff's interruptions, directed the officer to put him in a room in which prisoners were kept. This was done, and plaintiff remained there a few minutes until a complaint was prepared; he was then brought before the justice and discharged from custody on giving bail. In an action for false imprisonment it did not appear that defendant, in directing plaintiff's removal from the room, was acting pursuant to any rules or regulations of the court or the board of police justices, or in performance of any specific authority conferred upon him by his superior. *Held,* that from the facts it must be assumed the arrest of the plaintiff was legal, and having been taken before the court as required by the statute (§ 279, chap. 410, Laws of 1882) it was within the power of the police officer, and it was his duty, until he could be there arraigned, if the orderly proceedings in the court required it. without any direction of the court or its officer, to remove him to the place appropriated for the detention of persons in custody awaiting the action of the court, and that a verdict was properly directed for the defendant.
*Green* v. *Kennedy* (46 Barb. 16; affirmed, 48 N. Y. 653) distinguished.
Evidence of the disposition made by the grand jury of the charge against plaintiff was excluded on the trial. *Held,* no error; that it could have no legitimate bearing upon the question of the legality of plaintiff's arrest.
Reported below, 22 J. & S. 98.

(Argued October 10, 1889; decided October 29, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 17, 1886, which affirmed a judgment in favor of defendant, entered on a verdict directed by the court.

The nature of the action and the facts are sufficiently stated in the opinion.

*James B. McKewan* for appellant. The plaintiff's incarceration was due to the conduct and assumed authority of the defendant. (*Green* v. *Kennedy,* 46 Barb. 16 ; 48 N. Y. 653.)

The defendant held no official position giving him any right or power in the premises to interfere with the plaintiff's person or liberty which could not be exercised with the same justification by any private citizen. (Consolidation Act, § 1546; *Ex parte Doll,* 7 Phil. 595; *Meyer* v. *Clark,* 4 Supr. Ct. Rep. 107.) The plaintiff having been arrested without a warrant was entitled to show the termination of the proceeding and his discharge. (*Rown* v. *C. & T. S. R. R. Co.,* 34 Hun, 471; *Thorn* v. *Turck,* 94 N. Y. 90; *Day* v. *Bach,* 87 id. 56; *Marks* v. *Townsend,* 97 id. 590.) If cruelty, malice or oppression appear to have occasioned or aggravated the imprisonment, they shall not cover themselves with the thin veil of legal forms, nor escape under cover of a justification the most technically regular. (*Johnstone* v. *Sutton,* 1 Term Rep. 536; *Doyle* v. *Russell,* 30 Barb. 305; Espinasse Dig. 332.)

*Gratz Nathan* for respondent. The plaintiff having been guilty of disorderly conduct in the court-room, the defendant would have been justified, under the instructions of the court, in having him placed under arrest and removed to the " box " until a complaint could be made against him, even if the plaintiff had not been already a prisoner upon another charge. (*Hopner* v. *McGowan,* 22 J. & S. 98.)

Bradley, J. The action was brought to recover damages for alleged false imprisonment.

The plaintiff was arrested without warrant by a member of the police force of the city of New York, and taken into the Fifth District Police Court, in which defendant was assistant of the clerk. The defendant and the police justice of the court testified that the latter was then engaged in the consideration of some other case before him. The plaintiff, with one Graham, who, under the direction of the police officer, accompanied him to the court, was taken to the desk of the defendant, in the court-room, who proceeded to take a statement of the case upon which the plaintiff had been arrested, and while the police officer was making his statement the

defendant, apparently annoyed by the interruption of the plaintiff, directed the officer to put the plaintiff in a room in which prisoners were kept, and he, with Graham, was taken there, where he remained a few minutes until the complaint was prepared, which was made by Graham against the plaintiff for an alleged assault and battery. Thereupon the plaintiff was brought before the court or magistrate and discharged from custody on giving bail. The cause of the plaintiff's complaint against the defendant was the direction of the latter, upon which the plaintiff was placed in the adjoining room in which prisoners were usually detained temporarily until their arraignment before the court. The clerks' assistants for those courts are appointed by the board of police justices, and they are to obey the reasonable direction of the police clerks, subject to the proper orders of the police justices and of such board. (Laws 1882, chap. 410, § 1546.) It does not conclusively appear that the defendant, in giving the direction before mentioned, was acting pursuant to any rules or regulations of the court or of the board of police justices, or in performance of any specific authority conferred upon him by his superior. It is urged that his direction to place the plaintiff in the prisoners' room, was wrongful and charged the defendant as for unlawful imprisonment of the plaintiff. If the plaintiff's arrest was without authority, and his custody by the police officer illegal, it might be seen that the defendant would, by causing the execution of his direction, be rendered liable as a participant in the unlawful arrest and custody of the plaintiff. But it must, upon the facts and exceptions as presented by the record, be assumed that the arrest of the plaintiff was legal. It was made while he was engaged apparently in the commission of a breach of the peace, that is to say, committing an assault upon Graham. This supported the right of the officer in making the arrest and in taking the plaintiff before the magistrate or court, although there may have been circumstances which would constitute a defense for him upon the hearing or trial of the charge. He submitted to the arrest and was immediately taken before the sitting magistrate or his

court as required by the statute. (Id. § 279.) And until he could be there arraigned, it was within the power of the police officer to place the plaintiff in the prisoners' room without any direction of the court or its officer. No legal right of the plaintiff was, therefore, violated by placing and temporarily detaining him there to await the opportunity to bring his case in orderly manner before the police justice. The defendant, as the assistant of the clerk, had his duties, whatever they were, to perform. In this instance he was attempting to ascertain the facts upon which to prepare the complaint with a view to the proper presentation, for the action of the court or magistrate upon it, of the charge on which the arrest was made. That service of the defendant, it may be assumed, was legitimately within his duties, but it was but reasonable that he should have the opportunity to do it without unnecessary interruption. The cause which induced him to direct the officer having the custody of the plaintiff, to take him to the room referred to, evidently did not spring from any purpose to make his detention oppressive. It was to enable him to obtain the information requisite to prepare the complaint for the presentation of the case to the magistrate. While it is reprehensible to render the custody of persons arrested unnecessarily uncomfortable, and for abuses in that respect an action may lie, there must be some discretion in the officer making arrests as to the nature of the restraint which may be essential to the security of the custody of prisoners. There was, in the present case, probably no ground for apprehension that the plaintiff would attempt to escape from the custody of the officer. But it is not seen that it could be treated as any abuse of the power of the police officer to place the plaintiff in the room as was done. And if the orderly proceeding in the court-room would be promoted by the temporary absence of the plaintiff, it was fairly within the duty of the police officer, without any direction to do so, to remove him to the place appropriated to the detention of persons in custody awaiting the action of the magistrate or the opportunity to have their cases presented before him. And as this was

legitimately within the authority of the police officer, and could not be treated as an abuse of his power, it is difficult to see any ground upon which the action against the defendant, as for false imprisonment, could be supported. The custody of the plaintiff was neither produced or continued by the direction of the defendant. The opportunity of the plaintiff to be heard and to obtain his discharge on giving bail, was not by such direction delayed or postponed. Nor was he denied any legal right he had in that respect. The contention on the part of the plaintiff is not necessarily aided by *Green* v. *Kennedy* (46 Barb. 16; affirmed, 48 N. Y. 653). There the duty of Kennedy, who was superintendent of the police, was to direct that Green be taken, without delay, before a magistrate, but, instead of doing that, he directed that he be taken back and locked up.

That treatment of the prisoner was in violation of his right, which the law afforded him, to be taken without unnecessary delay before the magistrate. He was there kept in imprisonment eight days with the knowledge of Kennedy, who was very properly held liable for false imprisonment, although the arrest was legal. That was a case of denial by the defendant there of the right of the plaintiff to have his case presented to the magistrate as soon as practicable, of which there is and can be no complaint in the present case. In that case the right of the officer making the arrest to detain the prisoner until there may be an opportunity for hearing before the magistrate is recognized. That was all that was done in this instance, and whether the detention was in the court-room or in the other room referred to, does not seem essentially important in a legal sense, whatever view may be taken of it as mere matter of propriety, with which the court on this review is not at liberty to deal. These views lead to the conclusion that no right of action for false imprisonment resulted in favor of the plaintiff against the defendant from the direction before mentioned, given by the latter to the police officer, and, therefore, the exception to the direction of the verdict

was not well taken. And the same may be said of the exception to the refusal to submit to the jury certain propositions, which the defendant's counsel requested to have submitted to them. It may be observed that the question of the arrest of the plaintiff by the police officer or its legality was not specifically embraced within such request, nor was it available to the plaintiff as one of fact for the jury upon the evidence.

The exclusion of evidence of the disposition made by the grand jury of the charge against the plaintiff, was not error. That evidence could have no legitimate bearing upon the question of the legality of the arrest by the police officer. And in this action for false imprisonment the termination of the criminal proceeding against the plaintiff had no importance, although such fact is essential in an action for malicious prosecution.

The judgment should be affirmed.

All concur.

Judgment affirmed.