### BROWN *v.* KEOGH.

*(City Court of New York, General Term.　June 19, 1891.)*

ATTACHMENT—AFFIDAVIT—CONCLUSIONS OF AFFIANT.

An affidavit for an attachment is insufficient, as stating mere conclusions, where it alleges that defendants, being indebted to plaintiff for goods sold and delivered, had sold some of the goods, and received payment therefor, and had secreted a portion thereof, with intent to defraud their creditors; that they had assigned a large part of their property with intent to defraud creditors; and that plaintiff is informed and believes that the purchase of goods and disposal thereof by defendants were in fraud of plaintiff.

Appeal from special term.

Action by Alexander R. Brown against Christopher B. Keogh. From an order denying a motion to vacate an attachment defendant appeals.

Argued before EHRLICH, C. J., McGOWN and McCARTHY, JJ.

*M. A. Vosburgh,* for appellant.　*H. G. Harris,* for appellee.

McCARTHY, J.　This is an appeal from an order denying a motion to vacate an attachment on the original papers, the same being insufficient and defect-

ive. In disposing of this appeal we are to consider and examine the papers and affidavits on which the attachment was granted, and not the additional affidavits or papers printed in plaintiff's points. The plaintiff must stand or fall on the original papers. They are clearly insufficient and defective, in that they contain conclusions, and not facts or circumstances tending towards such conclusions. In the language of VAN BRUNT, P. J., in *Bank* v. *Loucheim*, 8 N. Y. Supp. 520: "It would be undoubtedly true that, if the conclusions sworn to by the person who made the affidavit upon which the attachment in this case was granted had evidence to support them, the attachment would have been properly granted. The office of an affidavit is to set forth the evidence from which the court may draw conclusions of fact, differing in this respect radically from a complaint, which should only set forth conclusions of fact, and not the evidence of the correctness of these conclusions." The affidavit in this case, among other things, alleges as follows: "(3) That the said defendants being indebted to the said plaintiff for said goods, wares, and merchandise, which consisted of doors, moulding, and other articles, delivered to said defendants between August 1, 1890, and October 31, 1890, by said defendants' direction, at certain buildings in and about the city of New York, and for which the said defendants were in part contractors, and said defendants contracted to pay said plaintiff for same as delivered, or immediately thereafter, as the defendants should receive payments on their said contracts; the said defendants have received large sums of money in payment for said goods and merchandise so furnished and have secreted portion thereof, with intent to defraud their creditors. (4) That the defendants, being so indebted to plaintiff, have assigned and disposed of a large portion of their property, consisting of goods, merchandise, machinery, book-accounts, and effects of their said business, with intent to defraud their creditors. (5) That the defendants continued to order and receive goods and merchandise of said plaintiff up to and including the 6th day of November, 1890, and on the 10th day of November served plaintiff with a printed letter, dated November 7, 1890, stating said copartnership had been dissolved; and thereafter, upon demand being made for payment, the said defendants refused to pay any portion of said indebtedness; that plaintiff is informed and believes that a portion of said goods were received in contemplation of the assignment and disposal by defendants of their property, and were received and purchased in fraud upon the said plaintiff. (6) That on November 5, 1890, a certificate of incorporation of a manufacturing company called the 'C. B. Keogh Manufacturing Company' was filed in the county clerk's office of New York city, and the said company claims to occupy the premises Nos. 6 and 8 Howard street, and to own the effects, merchandise, and machinery late of said defendants, and to be in no way liable for the debts of said defendants, nor to make any provision therefor. (7) That the transfer, assignment, and disposal by said defendants of their goods, premises, book-accounts, and business, together with their refusal to pay any portion of their said contract, or to provide for the performance of said contract, is a fraud upon their creditors, entitling plaintiff to an attachment." These allegations of intent to defraud are simply conclusions, without there appearing in the affidavit any evidence to support them. It may be contended that because one of the allegations is made positively, apparently upon the knowledge of the affiant, the court is bound to act on it. We do not think this is the rule. Upon the contrary, where from the situation of the parties the presumption is that the affiant has not personal knowledge of the facts alleged, it is the duty of the court to reject the allegation, unless the affiant set forth the facts and circumstances showing why he has personal knowledge. *Tim* v. *Smith*, 93 N. Y. 91. Fraud is not to be presumed. If a party claim fraud, he must put before the court legal evidence of the fraud, and not merely his conclusions that fraud has been committed. RUGER, C. J., in *Morris* v. *Talcott*, 96 N. Y. 107, says:

"While it is true that it may be proved by circumstantial evidence, and the inferences legitimately deducible therefrom, yet the defendant is entitled, in the judicial consideration of the proofs, to the application of the rule that the presumptions of the law are in favor of the innocence of the person accused. A party, therefore, relying upon the establishment of a cause of action, or a right to a remedy against another, based upon the alleged commission of a fraud by such person, must show affirmatively facts and circumstances necessarily tending to establish a probability of guilt, in order to maintain his claim.   When the evidence is capable of an interpretation which makes it equally as consistent with the innocence of the accused party as with that of his guilt, the meaning must be ascribed to it which accords with his innocence, rather than that which imputes to him a criminal intent. *Stow* v. *Stacy,* 9 N. Y. Supp. 1.   It is well settled in this state that an intent to defraud cannot be imputed to a party who contracts a debt knowing that he is insolvent, merely from the fact of his insolvency, and his omission upon a purchase of property upon credit to disclose such condition to his vendor. *Nichols* v. *Pinner,* 18 N. Y. 295, 23 N. Y. 264; *Wright* v. *Brown,* 67 N. Y. 9; *Bank* v. *Bogart,* 81 N. Y. 108.   A condition of known insolvency on the part of an intending purchaser of property, accompanied with an intention to acquire the property of his vendor without paying for it, constitutes such a fraud as will make the vendee liable to arrest in an action for the debt; but the intention not to pay can no more be inferred from the mere fact of insolvency than the fact of insolvency can be inferred from the existence of an intention not to pay.   In either case it is essential that the necessary facts be made out by competent evidence."   The plaintiff does not give the name of the person from whom he received the information relied upon, nor furnish his affidavit, nor explain why such affidavit of corroboration is not furnished. It is a well-settled rule in this state that such must be done.   The affidavit is clearly insufficient and defective.   I have examined with care the authorities cited in plaintiff's brief, but do not find that either of them support his contentions.   In *Van Loon* v. *Lyons,* 61 N. Y., cited by plaintiff, at page 24, REYNOLDS, C., says: "It was proved by the affidavit of  *  *  *  that the defendant owed him for rent, that she (defendant) told him she would not pay, and had disposed of her property, and was about going to Canada;  *  *  *  that the affidavit of the plaintiff showed  *  *  *; and added that the said Agnes Lyons is about to depart from this state, to-wit, to Canada, as the defendant has informed this deponent, and that said defendant is about to secrete or dispose of her property for the purpose of defrauding deponent.   The allegation of intent is positively made by the plaintiff, and, with other evidence, seems sufficient to confer jurisdiction."   No such evidence, circumstances, or admission from which a legal conclusion can be drawn appears in the case at bar.   The order should be reversed, and the attachment vacated, with costs to appellant.   All concur.