## MARKEY *v.* DIAMOND.

(New York Common Pleas—General Term, November, 1892.)

Where the affidavit upon which an order of arrest was granted, contained merely assertions of the falsity of the representations ,made by defendant based upon information only, and the sources of the information are not given nor any reason why better proof is not offered, the order of arrest will be vacated on motion.

APPEAL from an order of the General Term of the City Court reversing an order of the Special Term of that court, denying a motion to vacate an order of arrest in an action by Philip Markey against Charles Herbert Diamond to recover for false representations.

*Frank H. Gray*, for plaintiff (appellant).

*Mooney & Shipman*, for defendant (respondent).

*Per Curiam.* The appellant has not made out a good case for the reversal of this order. It appears to us that the criticism of the General Term of the City Court upon this affidavit is justifiable. It contains assertions of the falsity of the representations made by the defendant; but they are evidently based upon information only and the sources of the information are not given nor any reason why better proof is not offered. Where, in a civil action, the plaintiff desires, so to speak, to enforce his claim at the outset by arrest and imprisonment of the defendant—in other words to have execution before obtaining judgment—it is not too much to ask him to present such evidence as alone would be receivable upon the trial of the action to justify an ordinary judgment for money. Such has been the practice in this court and we are glad to see that the City Court is alive to the propriety of enforcing the same rule.

We think that the decision of the City Court is not only correct but quite wholesome in its tendency.

The order is affirmed with costs.

13

The following is the opinion delivered by the General Term of the City Court:

McCARTHY, J.   This is an appeal from an order denying a motion to vacate an order of arrest.   The motion was on the original papers which were a verified complaint and affidavit.

The action was brought to recover damages for alleged false representations.

The complaint and affidavit upon which the order of arrest was granted, set forth that the defendant represented to plaintiff that said " Maria N. Winne was solvent and in good credit, and worth the sum of one hundred thousand dollars, over all her debts and liabilities, and that she owned real estate in the city of New York, free and unincumbered, worth over fifty thousand dollars."

The complaint set forth: " That the said representations were false, in that said Maria N. Winne was not then and there solvent and in good credit, and worth one hundred thousand dollars, or fifty thousand dollars, over and above all her liabilities ; but, on the contrary, and as the defendant then well knew, the said Maria N. Winne was then and there insolvent, and not in good credit nor safe to be trusted."

The affidavit set forth : " That said representations as to the solvency of said Maria N. Winne were false and fraudulent and untrue and were made with the preconceived design and intent of defrauding this plaintiff, and as a matter of fact said Winne was insolvent, and was a woman without means, and deponent has since ascertained from persons who know said Maria N. Winne, that she was residing at 226 First street, Albany, on the top floor of a tenement, at a rental of $9 per month, and that she had been supported, in part, for the past years by the Ladies' Aid Society of St. Paul's Church, in the City of Albany."   The foregoing are the only allegations of the falsity of the alleged representations.

It is very clear from an inspection of the affidavit, that down to the words " deponent has since ascertained from persons "— all the allegations necessary to sustain the order of arrest are mere conclusions.   The plaintiff, at the time of the making of

the alleged representations, must have believed them and relied on them, else one of the essentials would be missing. He now alleges that said Maria N. Winne was not solvent, nor in good credit, nor worth a certain sum over and above all her liabilities, but, on the contrary, was insolvent and not in good credit, nor safe to be trusted.

When did he ascertain this, and how, and from whom, and what were the facts? Otherwise these allegations are mere conclusions. To authorize an order of arrest, facts, and not conclusions, must be stated. *Meriden Malleable Iron Co.* v. *Baudman*, 2 N. Y. Weekly Dig. 591; *Dreyfus* v. *Otis*, 54 How. Pr. 405.

If the conclusions of the affidavit are to be drawn from communications, whether written or verbal, the communications must be set forth, in order that the court may see that the deductions of the affiant are well founded. Any other rule would make the affiant the sole judge as to whether the evidence which he had in his possession was sufficient to entitle him to the relief sought.

In the case at bar, the affiant swears to nothing but conclusions. Such allegations may be good in a complaint, but are entirely useless in an affidavit whose office it is to place before the court the evidence from which it may draw its conclusions. *Moore* v. *Becker*, 13 N. Y. St. Repr. 567, 568; *Hecht* v. *Levy*, 20 Hun, 54; *Perry* v. *Smith*, 9 N. Y. St. Repr. 728; see opinion of RUGER, Ch. J., in *Morris* v. *Talcott*, 96 N. Y. 107, 108.

At the close of the affidavit, the affiant says: "And deponent has since ascertained from persons who know said Maria N. Winne that she was residing at 226 First street, Albany, on the top floor of a tenement, at a rental of nine dollars per month, and that she had been supported, in part, for past years by the Ladies' Aid Society, of St. Paul's Church, in the city of Albany." This is defective; the affiant was bound to state the source of this information, giving the name of the informant and the reason why an affidavit was not presented. *Jordan* v. *Harrison*, 13 Civ. Pro. Rep. 448; *Brown* v. *Keogh*, 39 N. Y. St. Repr. 226, 227.

The affidavit being defective in the matters thus pointed out, the order of the Special Term should be reversed and the motion vacating the order of arrest granted, with costs.

McGOWN, Ch. J., concurs.