[Civ. No. 295. Second Appellate District.—February 27, 1907.]

M. V. NEVES, Respondent, v. M. P. COSTA, Appellant.

ACTION FOR FALSE IMPRISONMENT—ARREST IN CIVIL ACTION—INSUFFICIENT AFFIDAVIT—ORDER WITHOUT JURISDICTION.—An action will lie to recover damages for false imprisonment under an order of arrest in a civil action where the affidavit upon which the order of arrest was based is insufficient on its face to give the superior court jurisdiction to issue the order.

ID.—ESSENTIALS OF AFFIDAVIT—COMPETENT EVIDENCE—FINDING UPON TRIAL—HEARSAY.—To justify an order of arrest under section 481 of the Code of Civil Procedure, competent evidence must appear

by affidavit of the plaintiff, or some other person, such as to justify the court in making a finding upon a trial that the case is one mentioned in section 479 of that code. If plaintiff does not personally know the facts, he must procure the affidavit of one who does personally know them. The order of arrest cannot be based upon hearsay, nor upon any statement, however positive, which is founded upon hearsay.

ID.—''FALSE IMPRISONMENT'' DISTINGUISHED FROM ''MALICIOUS PROSECUTION.''—The actions of ''false imprisonment,'' and ''malicious prosecution'' are quite distinct. The element of malice in the former, which is essential in the latter, can only be considered where exemplary damages are asked in the former, and then only as affecting the measure of damages; and ''the want of probable cause,'' which is essential in the latter, is immaterial in the former; while the necessity of awaiting the termination of the action in the latter is not required in the former.

ID.—SUFFICIENCY OF COMPLAINT—WAIVER OF UNCERTAINTY—ABSENCE OF PROBABLE CAUSE—SURPLUSAGE.—Where the complaint for false imprisonment was sufficient upon general demurrer and no special demurrer was interposed for uncertainty, all mere uncertainty is waived. Averments that the defendant acted ''unlawfully and without probable cause,'' if unnecessary, may be treated as surplusage and meaningless.

ID.—IMPRISONMENT AFTER SURRENDER BY BAIL—VARIANCE NOT SHOWN. The fact that the imprisonment of the plaintiff did not immediately follow the arrest makes it none the less the result of the arrest by the defendant's procurement; and the fact that he was admitted to bail, and that the bail surrendered him into custody, without his procurement, only goes to the amount of the damages suffered, and does not show a variance as to the cause of the imprisonment.

ID.—EVIDENCE—RELEASE FROM IMPRISONMENT—TIME LOST FROM BUSINESS.—The fact that a person unlawfully imprisoned has been released and is no longer restrained of his liberty is material in ascertaining the time he has lost from his business by the detention.

ID.—MANNER AND REASON FOR RELEASE.—The manner of the defendant's release need not be shown; and the reason of the court for his release in most cases would be immaterial, and in some cases perhaps prejudicial.

ID.—DISCHARGE ON HABEAS CORPUS—DAMAGES—COSTS AND ATTORNEYS' FEES.—The fact that the plaintiff was discharged on *habeas corpus* was material to his allegation that he had been compelled to pay $250 for costs and attorneys' fees to secure his release, and the proceedings on *habeas corpus* were admissible for this purpose.

ID.—ORDER OF ARREST NOT PREJUDICIAL.—The introduction in evidence of the order of arrest by the defendant was not prejudicial, where

the court instructed the jury that the affidavit on which it was based was insufficient to justify it.

ID.—RECORD ON DIFFERENT HABEAS CORPUS—EXCLUSION—RECORD NOT IDENTIFIED—PRESUMPTION AGAINST ERROR.—The rejection of a record on *habeas corpus* against a different party offered by defendant, which is not identified nor brought up in the record, must be presumed not to have been erroneous.

ID.—UNPREJUDICIAL ERROR ON CROSS-EXAMINATION.—*Held,* that the disallowance of certain proper questions asked by defendant on cross-examination of the plaintiff was not such prejudicial error as to justify the reversal of a judgment otherwise properly rendered.

ID.—DAMAGES RECOVERABLE—GENERAL AND SPECIAL DAMAGES.—In an action for false imprisonment, the plaintiff may recover, as general damages, compensation for physical inconvenience, mental suffering, and humiliation of mind incident to the false arrest, and where expense for litigation in the *habeas corpus* proceedings were specially pleaded they are recoverable.

ID.—WAIVER OF UNCERTAINTY AS TO SPECIAL DAMAGES.—No special demurrer having been interposed, any objection as to want of certainty in the allegation of special damages is waived; and the court properly admitted evidence thereof, and properly instructed the jury as to the law of special damages.

ID.—PROPER RULINGS AS TO INSTRUCTIONS.—*Held,* that the instructions given for the plaintiff properly presented the law applicable to the case, and that instructions requested by the defendant, which were inapplicable to the evidence, or which were erroneous or misleading, were properly rejected.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.    W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Charles G. Lamberson, and J. L. C. Irwin, for Appellant.

H. B. McClure, for Respondent.

TAGGART, J.—This is an action to recover damages for false imprisonment. Defendant appeals from a judgment in favor of plaintiff, and from an order denying a new trial.

On April 5, 1905, defendant commenced an action against plaintiff in the superior court of Kings county upon an implied contract, and at the same time procured an order for

5 Cal. App.—8

the arrest of plaintiff based upon subdivision 1 of section 479 of the Code of Civil Procedure. Plaintiff was arrested the next day, on this order, and about two hours after his arrest gave bail. In the meantime he had been permitted by the officer arresting him to go on his own recognizance. About nineteen days thereafter plaintiff was surrendered to. the sheriff of Kings county by one of the sureties on his bail bond, J. V. Garcia, a relative of his wife. The same day the plaintiff signed the necessary papers for an application to be made to this court for a writ of *habeas corpus*. The application was granted, the writ was made returnable before Honorable W. B. Wallace, judge of the superior court for Tulare county, and on May 31, 1905, by order of the latter, plaintiff was discharged on the ground (as stated in the order) that the affidavit on which the order of arrest was based was insufficient.

Plaintiff was imprisoned in the county jail of Kings county from the time of his surrender by his bail as aforesaid until the day of hearing and his discharge on said writ of *habeas corpus,* a period of six days.

The complaint herein, filed June 8, 1905, alleges the commencement of the above-mentioned action in the superior court of Kings county, the making by defendant of the affidavit upon which said order of arrest was based (setting out the affidavit in full); that said affidavit was made "falsely, unlawfully and without probable cause"; that the order of arrest aforesaid was obtained upon said affidavit by defendant, and that plaintiff was arrested thereon, and imprisoned thereunder in the county jail of Kings county at Hanford for seven days; and that plaintiff was thereby restrained of his liberty against his will.

"That in so doing the said defendant herein acted falsely, unlawfully and without probable cause, and without any right or authority so to do, and against the will of this plaintiff."

"That said affidavit . . . was and is wholly false and untrue, which the defendant then and at all times since well knew."

"That by means of said false and unlawful imprisonment, and being confined and restrained of his liberty as aforesaid . . . plaintiff was injured in his credit, and was prevented from attending to his business during that time, and suffered mental anguish thereby and was compelled to pay

$250 for costs and counsel fees in obtaining his discharge on writ of *habeas corpus,* to his damage in the sum of one thousand dollars.''

The complaint is sufficient against the attacks made upon it by defendant under a general demurrer.

The affidavit upon which the order of arrest was based is insufficient on its face to give the superior court of Kings county jurisdiction to issue the order. An order of arrest is only authorized by section 481 of the Code of Civil Procedure, where "it *appears* to the judge, by the affidavit of the plaintiff, or some other person, that a sufficient cause of action exists, and that the case is one of those mentioned in section 479. The affidavit must be either positive or upon information and belief, and when upon information and belief, it must *state the facts* upon which the information and belief are founded.''

In order that it may *appear* to the judge it is necessary that the facts shall be stated by competent evidence, such as would justify the court in making a finding upon a trial. The *ex parte* form in which it is presented by affidavit is made competent by section 481. In order that a party who has not sufficient knowledge of his own to make the required showing may avail himself of this provisional remedy in a proper case, the code permits him to supplement his own affidavit with that of some one else who knows some fact or facts. Or, he may rely entirely upon the affidavit of "some other person,'' if the latter is prepared to state facts sufficient to comply with the statute.

"Where in a civil action the plaintiff desires, so to speak, to enforce his claim at the outset by arrest and imprisonment of the defendant, in other words, to have execution before obtaining judgment, it is not too much to ask him to present such evidence as alone would be receivable upon the trial of the action to justify an ordinary judgment for money.'' (*Markey* v. *Diamond,* 1 Misc. Rep. 97, [20 N. Y. Supp. 847] ; *Ex parte Fkumoto,* 120 Cal. 316, 319, [52 Pac. 726].)

"While the affidavit may state generally the grounds of the application upon belief only, we understand the rule to be well settled that, to show the grounds of his belief, he must set forth such facts and circumstances *within his own knowledge,* as will authorize the officer who is to issue the warrant to *find* such a state of *facts* as required by the statute to au-

thorize the proceeding. And if the plaintiff is not himself personally cognizant of the facts and circumstances relied upon, he must procure the affidavit of some one who is thus personally cognizant of them. The warrant cannot be issued upon hearsay, nor upon any statement, however positive, founded upon hearsay.'' (*Proctor* v. *Prout,* 17 Mich. 475.)

That portion of the affidavit which should be considered in this connection is as follows:

''That said defendant, as plaintiff is informed and believes, is about to depart from this state with intent to defraud his creditors.

''That affiant further avers and shows the following facts and circumstances in support of the above allegation: *That the defendant has converted all of his property into cash* (and at this time, as plaintiff is informed and believes, has the same in his immediate possession). *That the defendant told one M. Macedo that he intended to depart from this state. That the defendant on the 5th day of April, 1905, procured his trunk and all his wearing apparel to be brought to the City of Hanford, Kings County, and that the same is at this time, to wit, at the hour of nine o'clock p. m., April 5th, 1905, situated in the Azores Stables, a livery stable situated at the corner of Sixth and Redington streets in the City of Hanford, and that the same was brought to said place at or about the hour of seven o'clock p. m. of said 5th day of April, 1905.*

''*That affiant asked the defendant to settle with him as to the amount due to the affiant, the plaintiff herein, on said 5th day of April, 1905, and defendant refused, ever since has refused, and does now refuse to pay to affiant the amount due him; that said defendant is now in the City of Hanford;* and that plaintiff is informed and believes that said defendant intends to leave the City of Hanford on the early morning train, on the morning of the 6th of April, 1905, and that said defendant intends to depart from the state as soon as possible.''

The affidavit contains no positive allegation of fraudulent intent, and the only statement of the debtor's intention to leave the state is that he told M. Macedo so. The latter statement is positive in form only. It is hearsay, pure and simple. Standing by itself, it may relate to an intention of ten years ago long since carried out. If the affiant had heard the plaintiff tell Macedo it would have been competent evidence. Not

having so stated in his affidavit, it is to be presumed that he did not. If heard in any other way it was hearsay when presented in the affidavit of defendant.

That the debtor had ''converted all his property into cash'' may be an act freighted with import, or destitute of meaning according to circumstances. Affiant's belief that he still had the money in his possession is not a *fact*. That plaintiff had removed his trunk and wearing apparel to a livery-stable in a particular city at a particular time, disassociated from any other fact except the one that he had refused to pay affiant a debt which the latter claimed he owed, might signify that he had obtained employment at the livery-stable and had taken the most convenient time to move his personal belongings to that place. The affidavit seems wanting in the elements necessary to confer jurisdiction. There is neither positive averment of fraud nor positive evidence of facts from which fraud can be inferred. (*Fkumoto* v. *Marsh,* 130 Cal. 68, [80 Am. St. Rep. 73, 62 Pac. 303, 509].)

Defendant's second objection to the complaint is equally ill-founded; and it is one which cannot be considered on a general demurrer. However, as the same matter becomes material in the consideration of other questions of law involved in this appeal, we will consider it here.

The two actions of false imprisonment and malicious prosecution are quite distinct and different. ''False imprisonment is the unlawful violation of the personal liberty of another'' (Pen. Code, sec. 236), the interference with the personal liberty of the plaintiff in a way which is absolutely unlawful and without authority. Malicious prosecution is procuring the arrest or prosecution of another under lawful process, but from malicious motives and without probable cause.

The provocation, motive and good faith of the defendant in an action for false imprisonment constitute no material element in the case and can be considered only where punitive or exemplary damages are asked, and then only as affecting the measure of such damages. On the other hand, malice and want of probable cause are the gist of the action for malicious prosecution. Without allegation and proof of both, the action will fail. (12 Am. & Eng. Ency. of Law, 2d ed., p. 730.)

No  one can recover damages for a legal arrest and conviction; therefore, in cases of malicious prosecution it becomes necessary to await the final determination of the action.  But the same principle does not apply to an action for false imprisonment, as the form of action is based upon an illegal arrest and no matter *ex post facto* can legalize an act which was illegal at the time it was done.  From this it will be seen that one of the essential elements of a complaint for malicious prosecution is that the proceeding upon which it is based has finally terminated in favor of the plaintiff, while it is equally apparent that this is not a necessary or proper allegation in an action for false imprisonment.  (*Hopner* v. *McGowan*, 116 N. Y. 405, [22 N. E. 558]; *Josselyn* v. *McAllister*, 22 Mich. 300, 306.)

While the complaint at bar alleges that the defendant acted without probable cause, it nowhere alleges malice; and the words "unlawfully" and "without probable cause," if unnecessary, may be treated as "surplusage and meaningless." (*St. Clair* v. *San Francisco etc. Ry. Co.*, 142 Cal. 650, [76 Pac. 485].)

As above stated, ambiguity or uncertainty in a pleading cannot be considered on a general demurrer.  It must be corrected by special demurrer, or motion to strike out or make certain.  The latter method is peculiarly applicable to fragmentary statements material to, but not stating sufficiently, one cause of action, found in a pleading stating another cause of action.

The other objection to the complaint, that the imprisonment alleged in the complaint being different from that proven at the trial, the latter is presumed to have been found by the verdict, and therefore there are no allegations in the complaint to sustain the verdict, appears to be more properly considered as a question of variance of proof than as one of pleading.

That plaintiff's imprisonment was not immediately following his arrest on April 6th makes it none the less the result of the arrest by defendant's procurement.  The purpose of the proceeding inaugurated by defendant was to secure execution against the plaintiff upon a judgment which defendant expected to obtain against him in the superior court of Kings county in the action begun at the time the order of arrest was issued.  He was arrested for the purpose of being detained until that judgment was procured.  That he

was able to give bail a portion of the time only operated to lessen the amount of damages he might have recovered from the defendant.   The evidence does not show that plaintiff procured his bail to surrender him for the purpose of laying the foundation of an action to recover damages for false imprisonment.

The code provides for the surrender of an arrested debtor by his bail, and the written notice of Garcia, one of the sureties on the bail bond, to the sheriff of Kings county that he desired to surrender the plaintiff into custody, together with the bail bond showing that he was such surety, were properly admitted to show that plaintiff was surrendered to the sheriff by authority of law and as one of the steps in the proceeding begun by the defendant.

As above stated, it is not necessary in an action for abusing the process of law by an illegal act either to allege or prove the termination of the action.   (2 Greenleaf on Evidence, sec. 452.)   The fact, however, that a person unlawfully imprisoned has been released and is no longer restrained of his liberty is material in ascertaining the time he has lost from his business by his detention.   The manner of his release is not a fact necessary to be shown, and the reason of the court for his release in most cases would be immaterial, and in some cases perhaps prejudicial.   The decisions upholding the practice of admitting in evidence the proceedings on *habeas corpus* releasing the plaintiff from imprisonment for the purpose of showing this fact are in actions for malicious prosecutions or those in which the action is joined (or confused) with an action for false imprisonment.. (*American Express Co.* v. *Patterson,* 73 Ind. 430; see *Commonwealth* v. *Cheney,* 141 Mass. 102, [55 Am. St. Rep. 448, 6 N. E. 724] ; 12 Am. & Eng. Ency. of Law, p. 723.)

In the case at bar plaintiff was not prejudiced by the introduction of the order, as the only matter stated therein which could have been prejudicial in any event was that which was embodied in numerous rulings of the court in admitting testimony and expressly declared by the court in its instructions to the jury, to wit: "that the affidavit on which the order  of arrest was based was insufficient."

The fact that plaintiff was discharged on *habeas corpus* was material to his allegation that he had been compelled to pay $250 costs and attorney's fees to secure such release, and

it has been held that the proceedings on *habeas corpus* are admissible for this purpose. (*Forbes* v. *Hicks,* 27 Neb. 111, [42 N. W. 898].)

The record in the *habeas corpus* proceeding against J. V. Neves was not relevant and it was properly excluded. If there was anything on the face of the document which defendant asked to introduce that justified its admission in evidence, it should have been identified and brought up in the record. This not being done, we must presume it was properly rejected.

The other exceptions taken to the rulings of the trial court on the admission of evidence relate to the objections of plaintiff to defendant's questions on cross-examination of plaintiff, sustained by the court. While some of the questions relating to plaintiff's being compelled to pay the $250 attorney's fee and costs in the *habeas corpus* proceeding should have been allowed as proper cross-examination, their disallowance was not such error as to justify this court in overturning a judgment otherwise properly rendered. The question, ''What kind of money was this that you paid to Mr. McClure?'' was proper cross-examination in response to plaintiff's direct testimony that he was compelled to pay $250 attorney's fees and costs to secure his release on *habeas corpus*. From the entire record it appears that plaintiff did make payment of this sum and there was no effort to disprove it; so that this error could not have been prejudicial. The objections to the questions directed to what Garcia told the plaintiff were properly sustained, while the question: ''Was it a paper that your lawyer wanted to take to Los Angeles?'' is answered, in effect, later in the cross-examination of the plaintiff, if it were material.

The motion for a nonsuit was properly denied. Plaintiff established by his evidence that he was restrained of his liberty by the act of defendant, without lawful authority. He proved the special damages alleged, and the general damages would follow from the proof of the unlawful imprisonment.

Appellant's exceptions to instructions numbered 1 and 10, given by the court, are based upon objections already considered and determined adversely to his contention, to wit: The insufficiency of the affidavit here in question, and the

effect of the surrender of plaintiff by his bail. These instructions correctly declare the law on these subjects.

The seventh and eighth instructions relate to the damages that may be recovered in the action. The seventh to the general and the eighth to expenses incurred by plaintiff in *habeas corpus* proceedings to secure his release from imprisonment. Damages for physical inconvenience, mental suffering and humiliation of mind incident to a false arrest are all held to be elements of general and compensatory damages. (12 Am. & Eng. Ency. of Law, 2d ed., p. 783.) Expenses of litigation in *habeas corpus* proceedings may be recovered as damages: In some jurisdictions as a natural and direct result of the wrongful act, and in others as special damages. (12 Am. & Eng. Ency. of Law, 2d ed., p. 784.) The objection of defendant to the ambiguity of statement of these damages in the complaint comes too late as an objection to an instruction of the court where the right to object by demurrer to the complaint has been waived. The allegation in the complaint that plaintiff was compelled, "by means of said false and unlawful imprisonment," to pay $250 for costs and counsel fees in obtaining his discharge, is sufficient to justify the court in submitting the evidence in relation thereto to the jury, and in instructing the jury as to the law concerning such special damages.

The fourth and ninth instructions correctly define "imprisonment" and the presumptions as to its lawfulness, and were proper instructions to the jury in this case. (*People v. McGrew,* 77 Cal. 570, [20 Pac. 92]; *Ah Fong v. Sternes,* 79 Cal. 30, [21 Pac. 381].)

Instructions designated 1 and 6 by defendant, and which the court refused to give at his request, are based upon the assumption that there is some evidence to show that the surrender of plaintiff by his bail was with plaintiff's connivance and not against his will. No evidence to this effect appears in the record. The case of *In re Gow,* 139 Cal. 242, [73 Pac. 145], has no application. That was an effort to secure an opinion of the supreme court upon a legal proposition by "making a case." The court very properly declined to be so used when it had business requiring its attention.

The instruction designated in appellant's brief as "Instruction 2," requested by the defendant, does not appear in the transcript in the case. Its refusal, if tendered, was not error.

"Instruction marked 3" is misleading in form and is also without the evidence in the case. There is no evidence in the record upon which either of these instructions could be predicated.

The specifications of the insufficiency of the evidence to sustain the verdict have all been considered, in effect, heretofore, except two. These relate to one matter. An issue was raised by the pleadings as to the falsity of the affidavit upon which the order of arrest was made and defendant's knowledge of its falseness when he made the affidavit.

It appearing that the superior court was without jurisdiction to make the order on account of the insufficiency of the affidavit, when it was assumed to be true, want of authority was shown, and the issue of the truthfulness of the affidavit became immaterial, if, indeed, it ever was a material issue in the case.

The evidence sustains the verdict. There being no prejudicial error shown, the judgment and order denying defendant's motion for a new trial are affirmed.

Allen, P. J., and Shaw, J., concurred.