[No. 6,865.—Department Two.]

## FRANK DUSY v. WILLIAM HELM.

ACTION FOR FALSE IMPRISONMENT — JUSTIFICATION — ARREST IN CIVIL CASES—JURISDICTION—AFFIDAVIT.—If the judge to whom an application is made to arrest a defendant in a civil case has jurisdiction to pass upon the sufficiency of the evidence disclosed by the affidavit to procure the order of arrest, the party applying for it cannot be held responsible, unless there was an entire lack of evidence of some essential fact which the law requires to be shown.

ID.—ID.—ID.—ID.—ORDER OF ARREST—PROCESS—CONSTITUTIONAL LAW.— An order of arrest signed by the judge, in compliance with the requirements of § 483 of C. C. P., is not open to the constitutional objection that it is process, and should be issued in the name of the people of the State of California.

APPEAL from a judgment for the defendant in the Thirteenth District Court, County of Fresno. DEERING, J.

The following is the affidavit referred to in the opinion: William Helm, being duly sworn, says: I am plaintiff in above entitled action. This is an action to recover possession of personal property unjustly detained by defendant from plaintiff, described as follows, and of the value of five hundred dollars, United States gold coin. Description: One mare

mule, about five years old, of a grayish-roan color, and one horse mule, about six years old, of a brown color, and one set of double harness. That defendant in said action did, on or about 19th October, 1874, fraudulently conceal and remove all said property, to prevent its being found or taken by the sheriff. That all of said property belongs to plaintiff. That affiant has fully and fairly stated the facts of the case to C. G. Sayle and Wigginton & Marks, his counsel, and they informed affiant that he has a good cause of action against defendant herein, and affiant verily believes he has a good cause of action in this suit against defendant.

Plaintiff prays that defendant may be arrested by an order which affiant asks may be issued, according to the provisions of section 479 of the Code of Civil Procedure of California, and dealt with according to law.

*E. C. Winchell,* for Plaintiff.

*G. G. Sayle,* for Respondent.

THORNTON, J.:

This is an action for false imprisonment. The cause was tried by the Court and judgment was rendered for defendant. Plaintiff appealed.

The points to which our attention is called arise upon a demurrer to the answer; and they relate to an affidavit of the defendant to procure an order of arrest in an action instituted to recover certain personal property by defendant against plaintiff herein, and the order of arrest made thereon by the Judge of the Court in which the action just above mentioned was brought.

If the Judge to whom the application was made had jurisdiction to pass upon the sufficiency of the evidence disclosed by the affidavit to procure the order of arrest, the party applying for it can not be held responsible unless there was an entire lack of evidence of some essential fact which the law requires to be shown. The Judge having determined in the exercise of the jurisdiction committed to him by the law, that the affidavit by its statement of facts was sufficient to entitle the party applying to the order, to hold that such

party is liable in damages for the erroneous judgment of the Judge, would impose on him a responsibility not warranted by law. That the Judge had jurisdiction to determine judicially upon the evidence furnished by the affidavit, is clear from the provisions of section 481 of the Code of Civil Procedure. The decision of the Judge " may involve error to be corrected, and still be unassailable for defect of jurisdiction." (*Johnson* v. *Maxon*, 23 Mich. 136, *per* Grover, J.) The rule applicable to such a case is thus stated by Bronson, C. J., in *Miller* v. *Brinkerhoff*, 4 Denio, 120 : " When the proof has a legal tendency to make out a proper case, in all its parts, for issuing the process, then, although the proof may be slight and inconclusive, the process will be valid, until it is set aside by a direct proceeding for that purpose. In one case" (the reference here is to a case where there is a total defect of evidence as to any essential fact) " the Court acts without authority ; in the other, it only errs in judgment upon a question properly before it for adjudication. In one case there is a defect of jurisdiction ; in the other, there is only an error of judgment. Want of jurisdiction makes the act void ; but a mistake concerning the just weight and importance of evidence, only makes the act erroneous, and it will stand good until reversed." This rule is abundantly sustained by decided cases. (See *Gillett* v. *Thiebold*, 9 Kans. 427 ; *Skinnion* v. *Kelly*, 18 N. Y. 355 ; *Staples* v. *Fairchild*, 3 Coms. 41 ; *Kissock* v. *Grant*, 34 Barb. 144 ; *Outlaw* v. *Davis*, 27 Ill. 466 ; *Johnson* v. *Maxon*, 23 Mich. 136.)

Upon an examination of the affidavit, we can not say that there is a total defect of evidence as to any essential fact which the statute (C. C. P., § 481) requires shall be made to appear by it. This affidavit was submitted to the judge, and he held that in point of evidence it was such as the law required, and directed the issuance of the order for the arrest. Under these circumstances, the party applicant (the defendant here) is protected.

We have considered the objections made to the order of arrest, and do not think them tenable. It complied with the requirements of the Code of Civil Procedure (§ 483), under which it was made and issued. We do not consider it open to the constitutional objection urged by counsel for appellant,

that it is process, and must be issued in the name of the people of the State of California. (Const. of 1849, § 18 of Art. vi.) The statute does not require it, and under the rule established by numerous decisions of this Court, we can not hold the provisions of the statute on this subject violative of the Constitution. (See the rule stated in *University of California* v. *Bernard,* 57 Cal. 612, and cases there cited.)

The order was regular on its face, and issued by competent authority. It would have protected the officer (Pol. Code, § 4187) in executing it, and, therefore, will protect the party who procured it.

There is no error in the record, and the judgment is affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.