[S. F. No. 1686. Department One.—September 18, 1900.]

## YONETARO FKUMOTO, Appellant, v. G. T. MARSH, Respondent.

ARREST OF DEBTOR—INSUFFICIENT AFFIDAVIT—JURISDICTION—VOID ORDER AND WARRANT—CASE AFFIRMED.—The jurisdiction of the court to order the arrest of a debtor, and to issue a warrant therefor, depends upon the legal sufficiency of the affidavit for the arrest, and not upon the opinion of the judge as to its legal sufficiency. If it is radically insufficient under the statute, in not complying with its provisions, the court cannot assume jurisdiction; but in such case the order of arrest is void, and the warrant is no authority for the arrest or detention of the defendant. *Ex parte Fkumoto*, 120 Cal. 316, affirmed.

ID.—FALSE IMPRISONMENT.—An action for false imprisonment will lie against a defendant who in a civil action caused the arrest of the plaintiff as his alleged debtor, upon an affidavit so radically defective as not to bring the case within the provisions of the statute providing for the arrest.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion.

Wheaton & Kalloch, for Appellant.

An order of arrest not based upon a sufficient affidavit, is without jurisdiction and void; and an arrest thereunder is illegal. (Code Civ. Proc., secs. 479, 481; Const., art. I, sec. 15; *McGilvery v. Moorehead,* 2 Cal. 609; *In re Vinich,* 86 Cal. 71; *Ex parte Fkumoto,* 120 Cal. 316-21; *Meddaugh v. Williams,* 48 Mich. 172.) Where the order of arrest is without legal authority, the person obtaining it is liable as a trespasser for false imprisonment. (7 Am. & Eng. Ency. of Law, 1st ed., 679, 682; *Spice v. Steinruck,* 14 Ohio St. 213; *Hauss v. Kohlar,* 25 Kan. 640; *Gorton v. Frizzell,* 20 Ill. 292; *Von Kettler v. Johnson,* 57 Ill. 109; *Johnson v. Von Kettler,* 66 Ill. 63; *Proctor v. Prout,* 17 Mich. 473; *Cody v. Adams,* 7 Gray, 59; *Hall v. Rogers,* 2 Blackf. 429; *Taylor v. Moffatt,* 2 Blackf. 305; *Painter v. Ives,* 4 Neb. 122; *Sheridan v. Briggs,* 53 Mich. 569.)

Mullany, Grant & Cushing, and O. K. Cushing, for Respondent.

The court was authorized to determine whether a case existed for the arrest, and his determination was a protection to the officers of the court, and to the plaintiff. (Code Civ. Proc., sec. 481; *Fischer v. Langbein,* 103 N. Y. 84; *Dusy v. Helm,* 59 Cal. 188, 189; *Gillett v. Thiebold,* 9 Kan. 427, 432; *Johnson v. Morlon,* 94 Mich. 1; *Landt v. Hilts,* 19 Barb. 283, 291; *Johnson v. Maxon,* 23 Mich. 129; *Holliday v. Holliday,* 123 Cal. 26, 32; *Marks v. Townsend,* 97 N. Y. 590, 597; *Lange v. Benedict,* 73 N. Y. 12 [1]; *Skinnion v. Kelley,* 18 N. Y. 355; *Miller v. Adams,* 52 N. Y. 409.)

CHIPMAN, C.—Action for false imprisonment. Defendant demurred to the complaint for insufficiency of facts, and his demurrer was sustained without leave to amend. Plaintiff appeals from the judgment. The case turns upon the sufficiency of the affidavit in the original action of *Marsh v. Fkumoto,* to confer jurisdiction to make the order of arrest. The arrest was caused under subdivisions 1 and 5 of section 479 of the Code of Civil Procedure. The section reads as follows: "The defendant may be arrested, as hereinafter prescribed, in the following cases: 1. In an action for the recov-

---

[1] 29 Am. Rep. 80.

ery of money . . . . when the defendant is about to depart from the state with intent to defraud his creditors; . . . . 5. When the defendant has removed or disposed of his property, or is about to do so, with intent to defraud his creditors."

Section 481 provides as follows: "The order may be made whenever it appears to the judge, by the affidavit of the plaintiff, or some other person, that a sufficient cause of action exists, and that the case is one of those mentioned in section 479. The affidavit must be either positive or upon information and belief, and when upon information and belief it must state the facts upon which the information and belief are founded."

The affidavit in question was before this court in *Ex parte Fkumoto*, 120 Cal. 316, and was, in the opinion then rendered, thoroughly analyzed and its defects specifically pointed out. Whether in the affidavit it was made to appear that a cause of action existed against Fkumoto without reference to the complaint in the action then pending, and whether the affidavit could be aided by such reference, were questions not decided and need not now be decided. At the hearing on *habeas corpus* the court determined that there was a material lack in the affidavit in respect of the jurisdictional facts required to bring the case within the statute, and we see no reason now for coming to any different conclusion. Reference to the opinion in that case will relieve us from again presenting the numerous fatal defects of the affidavit. Suffice it to say that the court determined that the facts stated in the affidavit "do not bring the case within either of the provisions of the statute relied on by respondent"; that there is no express averment in the affidavit, nor are facts stated from which a deduction may be made, that "defendant is about to depart from the state with intent to defraud his creditors." The court said: "Both the present purpose and the specific intent found in the language of the statute are wanting in the affidavit"; and it was added: "When the language of such a statute is departed from, the party must at his peril employ words of equivalent import; and a failure in this respect is fatal." It was further said that the affidavit "is equally wanting in facts to show that defendant had removed or disposed of his property, or was about to do so, with intent to defraud his creditors." Again: "There

is another fatal defect common to the entire affidavit. Several of the statements of fact are made expressly on information and belief, . . . . whereas the facts upon which such information and belief are founded are in no instance given. In this," said the court, "the affidavit fails to comply with one of the express and most material requirements of the statute." And finally the court said: "As the jurisdiction to issue the warrant rests upon the affidavit, it results from what has been said that the order of arrest was void, and the warrant is no authority for petitioner's detention." Respondent seems to be of the impression that jurisdiction is aided by the pendency of the action. It is necessary to the jurisdiction that an action be pending (Code Civ. Proc., secs. 480, 483); but, as above stated, jurisdiction to make the order rests upon the affidavit.

The learned judge who heard the demurrer expressly placed his ruling upon the authority of *Dusy v. Helm*, 59 Cal. 188. We think the opinion in that case has been misunderstood. It was there said: "If the judge to whom the application was made had jurisdiction to pass upon the sufficiency of the evidence disclosed by the affidavit to procure the order of arrest, the party applying for it cannot be held responsible unless there was an entire lack of evidence of some essential fact which the law requires to be shown."

That was an action to recover possession of certain personal property, and the affidavit was based upon subdivision 3 of section 479, *supra;* the statement in the affidavit was: "That the defendant in said action did, on or about October 19, 1874, fraudulently conceal and remove all said property, to prevent its being found or taken by the sheriff," etc. There was a positive averment of the facts which the statute made a ground for the arrest, and hence it was true, as stated in the opinion, that there was not entire lack of evidence of some essential fact required to be stated. In the case now here, this court has already determined that the affidavit failed in many particulars to comply with the express and most material requirements of the statute, and especially in its allegations of material facts upon information and belief without stating the facts upon which such information and belief were founded. But the statute expressly requires that when the affidavit is upon in-

formation and belief "it must state the facts upon which the information and belief are founded." We cannot agree with respondent that it is but error to be corrected on appeal where facts are stated as was done in the affidavit before us. We think an affidavit resting wholly, or in any one essential particular, on information and belief, without stating the facts upon which such belief is founded, does not confer jurisdiction to issue the order. The statute must be complied with or there is no jurisdiction to issue the order. (*In re Vinich*, 86 Cal. 70; 7 Am. & Eng. Ency. of Law, 1st ed., 682, and cases cited.) It was said in *Spice v. Steinruck*, 14 Ohio St. 213: "It is clear, we think, that in the exercise of this special and extraordinary power conferred by the statute and interfering with the personal liberty of the defendant, the course prescribed by the statute must be strictly pursued." It was further said in *Dusy v. Helm*, *supra:* "The judge having determined, in the exercise of the jurisdiction committed to him by the law, that the affidavit by its statements of facts was sufficient to entitle the party applying for the order, to hold that such party is liable for damages for the erroneous judgment of the judge, would impose on him a responsibility not warranted by law." Respondent quotes this paragraph and apparently claims that where the judge assumes jurisdiction, or has determined to exercise it, there can be no liability, for the reason that his judgment is but erroneous. But the court cannot confer jurisdiction by merely assuming it; nor can its determination that it has jurisdiction confer it. Where the judge has in fact no jurisdiction to act, his order of arrest is void; and whether he has jurisdiction must be determined from the affidavit itself and not from what the judge thinks it authorizes him to do. The plaintiff must see to it that he is clothed with actual, not merely apparent, authority before he can deprive the defendant of his liberty. When the court in *Dusy v. Helm, supra,* said that there would be no liability—"the judge having determined in the exercise of the jurisdiction committed to him by the law"—the statement presupposed jurisdiction to exist; and the court did not say nor intend to say that the judge would have jurisdiction because he determined that he had it. What the court in effect said was, that as the judge had jurisdiction

in that particular case, as it clearly had, in its exercise his determination ·as to the sufficiency of the facts to justify him in making the ·order was mere error.   But it was not said, and we do not think it has ever been said, that where jurisdiction is lacking the issuance of the order would be but error.   The distinction is apparent in all the cases cited by respondent, and we think is clearly admitted in *Gillett v. Thiebold,* 9 Kan. 427, relied on by respondent as "singularly similar to the case at bar," and in which Mr. Justice Brewer delivered the opinion. It was there said: "Where the statute prescribes certain conditions for the exercise of powers by an inferior tribunal, a disregard of those conditions renders the attempted  exercise of those powers void."   In the case we have here this court has already decided that the statutory conditions, upon which the power to act depended, were disregarded, and hence the order was void.

We do not feel called upon to further notice the very able discussion of the question found in respondent's brief.   We are clearly of the opinion that the court had no jurisdiction to issue the order, and that it was so decided in *Ex parte Fkumoto supra.*   Such being the fact, the numerous cases relied on by respondent have no application.

The judgment should be reversed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.        Van Dyke, J., Garoutte, J., Harrison, J.

A petition for a hearing in Bank was filed and denied, and from the order of denial Beatty, C. J., dissented, and filed the following opinion on the 17th of October, 1900:

BEATTY, C. J.—I dissent from the order denying a rehearing in this case.   The decision in *Ex parte Fkumoto,* 120 Cal. 316, having been made by the court in Bank, is authority which the commissioner and the Department were no doubt bound to follow; but it does not establish the law of this case, and if erroneous should be set aside.   I think the court in that case erroneously decided that the affidavit of this defendant failed

to state facts sufficient to give the court jurisdiction to make the order. In my opinion the affidavit contains everything necessary not only to give the court jurisdiction, but to fully justify the order of arrest. I think the judgment in this case should, therefore, have been affirmed.