[Civ. No. 620. First Appellate District.—September 23, 1909.]

GEORGE W. BEALL, Road Commissioner, etc., Respondent, v. W. J. WEIR, Appellant.

DEED OF HIGHWAY BY OWNER OF LAND—EQUIDISTANCE FROM SECTION LINE—LOCATION BY FIXED MONUMENTS—MISTAKE IMMATERIAL.— Where the owner of land who had made a survey of a section line, and located it by fixed monuments, and of a road thirty feet wide on each side thereof, and conveyed such road to the county as a public highway, the county, by acceptance thereof, takes such highway solely by reference to the monuments then fixed upon the ground, the location of which cannot be changed or affected by any subsequent survey showing a mistake in the location of the section line.

ID.—DEED TO GRANTEE BORDERING ON HIGHWAY—DISCOVERY OF MISTAKE IN SURVEY—TRESPASS BY FENCE—ABATEMENT BY ROAD COMMISSIONER.—A deed by the original owner to a grantee of land

bordering on such highway, is bound by its location thirty feet beyond the section line as fixed by the original survey thereof, and cannot become a gainer by any discovered mistake in the location, and where he trespassed upon the located highway by a fence located by the true section line, the road commissioner properly abated the same as a public nuisance.

ID.—GENERAL RULE AS TO CONSTRUCTION OF DEEDS—FIXED MONUMENTS. When land has once been conveyed with reference to stakes and monuments, which were fixed and in place at the time of such conveyance, the conveyance cannot be afterward defeated by a new survey which shows that the stakes and monuments as originally set were not as a matter of fact in their true place.

ID.—INTENTION OF PARTIES TO CONTROL.—It is always the endeavor of courts to ascertain the intention of the parties in applying the description contained in the deed to the monuments referred to therein so as to locate the land in accordance with the intention of the parties.

ID.—RIGHT OF PUBLIC TO FULL HIGHWAY GRANTED—EXERCISE OF PART WIDTH—EXPENDITURE—ACCEPTANCE OF WHOLE WIDTH.—The public did not lose the right to the full width of the highway by reason of failure for a time to occupy such full width. The occupation of the central portion of the road granted with the expenditure of money thereon was an acceptance of the whole width granted.

ID.—DISTINCTION IN RULES—GRANT—PRESCRIPTION OR USER.—The rule applicable to a grant of a highway is entirely distinct from that which applies where title is claimed by prescription or user, in which case the public cannot claim a constructive dedication or a constructive title to land which in fact was never used or traveled over by the public.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

E. W. Williams, for Appellant.

Denver S. Church, District Attorney, and M. F. McCormick, Deputy District Attorney, for Respondent.

COOPER, P. J.—This action was brought by the plaintiff as road commissioner for the purpose of abating a certain post and wire fence alleged to have been erected and main-

tained by the defendant on a public highway in Fresno county. The defendant admitted that he constructed and maintained the fence, but claimed that such fence was not upon a highway, but upon his own land.

Upon the issue thus made the court found in favor of plaintiff, and ordered the fence abated as a public nuisance, and judgment was accordingly entered. Defendant prosecutes this appeal from the judgment and from the order denying his motion for a new trial.

Defendant, no doubt in good faith, believed that he owned the land upon which he erected the fence. His counsel states in his brief that ''the only issue in the case is the location of the section line between sections 23 and 26 in township 13, S. R. 21.''

After carefully examining the record we are of the opinion that the issue in the case is as to the correct location of the boundaries upon the face of the earth according to the calls of a deed made by the then owner of the land to the county of Fresno for a right of way for a public highway, and whether or not the place where the fence was erected is within the exterior calls of said deed.

On June 29, 1888, one Eggers was the owner of said sections 23 and 26, and while so the owner he conveyed by deed to the county of Fresno a strip of land sixty feet wide, being thirty feet on each side of the section line between sections 23 and 26, and extending east and west across the entire section, or, in other words, he conveyed a strip of land thirty feet wide off the south side of section 23 and a strip of land thirty feet wide off the north side of section 26. Prior to the time Eggers made the deed to the county of the right of way the section lines in the township had been located or had been attempted to be located by one Manuel, by surveys made by said Manuel, who drove redwood stakes down in the ground to mark the section corners at the east and at the west end of what was believed to be the true section line dividing said sections 26 and 23. The people in .the township, so far as appears, were governed by the survey so made by Manuel and the corners as fixed by him. The surveyor of the county, McKay, made a survey in 1898, along the east line of said section 23 and found the redwood post at the southeast corner which had been placed there by Manuel in making his orig-

inal survey prior to the time Eggers deeded to the county. In 1890, Eggers had all of section 23 surveyed and platted by a surveyor named Tielman, who subdivided the section into lots numbered from 24 to 59 inclusive, which survey was called the plat of the Eggers colony. In making this survey the surveyor found all the original redwood stakes as set by Manuel, and which were in the ground at the time Eggers made the deed to the county. This plat located the south boundary of the south tier of lots of said section 23 the same as the northerly line of the sixty feet right of way as fixed with reference to the stakes originally set by Manuel. Eggers, in having the survey and plats made of the Eggers colony, treated the deed to the county as fixed and located by said stakes so originally set. This survey and plat was filed for record by Eggers. The defendant afterward (but at what time does not appear) became the owner of lot 32 of the property so platted for Eggers. It does, however, appear that defendant knew of the stake at the southeast corner of the section and of the south boundary of his lot, which did not include the place where he built the fence which is here claimed to be a nuisance. Defendant purchased with full knowledge of the construction which had been placed upon the deed by Eggers when he conveyed to the county and with full knowledge as to the south boundary of lot 32 as fixed by the Eggers map. The county accepted the deed and the public traveled the road as a highway after the conveyance was made to it. A furrow was at first run so as to mark the line of the road, but the road was not completely graded until 1905. During the year 1905, at the request of defendant, about twenty years after the first survey had been made, Manuel resurveyed the township. In making this resurvey Manuel states that, by measuring the township north and south between the township line and the line between sections 23 and 26, he found an overplus of thirty-nine feet, and that he divided this excess of thirty-nine feet between the sections so "that would bring the line of Wier's place in the neighborhood of 13 or 14 feet below the place where his first row of vines is." In other words, by the resurvey made by Manuel in 1905, disregarding the stakes he originally set in the ground so as to designate the lines, he made the south line of defendant's lot about thirteen or fourteen feet far-

ther south than the line was made by the Eggers map, thus taking thirteen or fourteen feet, a portion of the highway as located by Eggers at the time he conveyed to the county.

It is not necessary to decide as to whether or not the last survey made by Manuel is the correct one. When Eggers conveyed to the county he owned the entire tract through which the right of way was granted, and the reference in the deed to the section line separating sections 23 and 26 was made with reference to the line as he had located it by his own surveyor. It conveyed the strip of land precisely as if the description had commenced at one of the stakes at the section corner and gone around the entire sixty feet, closing at the same stake. Eggers so understood it when he made the deed; he continued to so understand and construe it when he had the section surveyed and platted and defendant knew his said boundary as located by the Eggers colony map when he purchased. Defendant still owns undisturbed all the land described in lot 32 of the Eggers colony; he may not disturb the county in its ownership of all that Eggers had conveyed to it prior to the time defendant came upon the scene.

This construction leaves each grantee undisturbed as to the lands described in the conveyance under which they respectively took. When land has once been conveyed with reference to stakes and monuments which were fixed and in place at the time of such conveyance the conveyance cannot be afterward defeated by a new survey which shows that the stakes and monuments as originally set were not as a matter of fact in their true places. A contrary rule would upset titles and make all conveyances more or less uncertain. It is always the endeavor of courts to ascertain the intention of the parties in applying the description contained in a deed to the monuments referred to therein so as to locate the land in accordance with the intention of the parties.

The construction we have given the deed to the county is in accord with the rule as laid down time and time again by the supreme court.

In *Helm* v. *Wilson*, 76 Cal. 476, [18 Pac. 604], the deed described the land as being in the southeast instead of south-west quarter of a certain section; but the court held that if the land intended to be conveyed could be identified by monuments actually fixed upon the ground, the mistake as to the

subdivision in which the land was really located was *falsa demonstratio*.

In *Kaiser* v. *Dalto,* 140 Cal. 168, [73 Pac. 828], it was held that the boundaries of city lots as originally located on the surface of the earth must govern, and a line shown by monuments as platted by the city authorities, and acquiesced in for many years, must control courses and distances, and cannot be overturned by measurements afterward made by a surveyor. We repeat what was there said: "The testimony of surveyors on the part of defendants was sharply in conflict with the above as to the division line by a survey by courses and distances. The defendants' surveyors took the monumental line of Green street as they located it. They found an original line monument at a point on Union street near Hyde, thence from the line of Union street across the block to Green street, a distance of 275 feet, thence 68 feet across Green street, and thence 68 feet and 9 inches to the line of defendant's lot. These surveys may have been correct by courses and distances, but in the course of thirty or forty years a change in the position of the monuments on the surface of the earth might easily cause a variation of four or five inches. The lines as originally located must govern in such cases. The survey as made in the field and the lines as actually run on the surface of the earth at the time the blocks were surveyed and the plats filed must control. The parties who own the property have a right to rely on such lines and monuments. They must, when established, control courses and distances. A line, as shown by monuments and as platted by the city authorities, and as acquiesced in for many years, cannot be overturned by measurements alone." (See further *Penry* v. *Richards,* 52 Cal. 496; *Bullard* v. *Kempff,* 119 Cal. 9, [50 Pac. 780]; *Diehl* v. *Zanger,* 39 Mich. 601.)

There is no merit in the suggestion that the county only used the central portion of the right of way and did not accept the right of way for the full width of the sixty feet because it did not use all of the sixty feet up to the south boundary of defendant's land. The county accepted the right of way by entry upon and using the same as a public highway and expending public moneys thereon. Its acceptance was

as broad as the grant, although it did not use the entire width of the right of way. The question is entirely different from the construction given to the width of a right of way where the right of way is claimed entirely by prescription or user. In such case the public cannot claim a constructive dedication or a constructive title to land which in fact was never used or traveled over by the public.

There is no merit in any of the other contentions of defendant.

The judgment and order are affirmed.

Hall, J., and Kerrigan, J., concurred.