[Civ. No. 637.   First Appellate District.—September 25, 1909.]

JOSEPHINE PETERSON, Administrator of Estate of MICHEL CARTIER, Deceased, Appellant, v. W. J. NESBITT, Sheriff of County of Monterey, Respondent.

ARREST OF DEFENDANT IN ACTION—SUIT AGAINST SHERIFF FOR ESCAPE —EXCLUSION OF AFFIDAVIT—NONSUIT.—Where the defendant in a civil action was arrested, and a suit was brought against the sheriff for an escape, in which the affidavit for arrest was excluded, and the plaintiff was nonsuited, the correctness of the ruling of the court depends on whether the affidavit for the arrest was sufficient to invest the court with jurisdiction to make the order of arrest.

ID.—INSUFFICIENT AFFIDAVIT—COPY OF COMPLAINT—CAUSE OF ACTION NOT SHOWN — TRUTH OF CONTENTS NOT STATED — MATTER OF OPINION.—An affidavit for an order of arrest is insufficient where it merely sets forth a copy of the complaint, and does not make oath to the truth of any matter contained therein, but merely states the opinion of the affiant that it states a cause of action.

ID.—ABSENCE OF LIABILITY FOR PERJURY.—Where no prosecution for perjury would lie against the affiant predicated upon the falsity of any of the matters set forth in the complaint, it is radically insufficient.

ID.—GENERAL STATEMENT THAT CAUSE OF ACTION EXISTS—MATTER FOR COURT—FACTS CONSTITUTING CAUSE OF ACTION ESSENTIAL.—A mere general statement that a cause of action exists is insufficient, as this is matter for the judge to determine. It is essential that

the facts constituting the cause of action must be set forth and sworn to in the manner required by the statute.

ID.—JURISDICTION TO ISSUE ORDER OF ARREST—DEPENDENCE UPON AFFIDAVIT.—The jurisdiction to issue an order of arrest in a civil suit rests upon the affidavit, and where the affidavit in an essential particular fails to meet the requirements of the law, the court is without jurisdiction to issue the order for arrest.

ID.—NONSUIT IN ACTION AGAINST SHERIFF PROPERLY GRANTED.—*Held,* that the court did not err in the action against the sheriff, in sustaining the objection to the offer of the affidavit, or in granting the motion for a nonsuit.

APPEAL from a judgment of the Superior Court of Monterey County.   John E. Richards, Judge presiding.

The facts are stated in the opinion of the court.

J. H. Andresen, and W. S. White, for Appellant.

Daugherty & Lacey, for Respondent.

HALL, J.—Plaintiff brought this action against the defendant, who is the sheriff of Monterey county, to recover damages for allowing the escape of one Marcelin Cartier, who had been arrested upon mesne process in a civil action, brought by this plaintiff against said Marcelin Cartier. At the trial plaintiff offered in evidence the affidavit upon which the order of arrest had been made, but upon objection of defendant the court refused to admit it in evidence, and as a result plaintiff was unable to prove her case, and at the close of her testimony the court granted defendant's motion for a nonsuit. The appeal is from the judgment of nonsuit entered in accordance with this order.

The only question to be determined is as to whether or not the court erred in sustaining defendant's objection to the introduction of the affidavit for the order of arrest.

The correctness of the ruling of the court depends upon whether or not the affidavit upon which the order of arrest was based was sufficient to invest the court with jurisdiction to make the order. The statute (Code Civ. Proc., sec. 481) provides that: "The order may be made whenever it appears to the judge, by the affidavit of the plaintiff, or some other person, that a sufficient cause of action exists, and that the

case is one of those mentioned in section four hundred and seventy-nine. The affidavit must be either positive, or upon information and belief; and when upon information and belief, it must state the facts upon which the information and belief are founded.''

Several objections are urged as to the sufficiency of the affidavit, the first of which is that it does not appear from the affidavit that a sufficient cause of action existed. In this regard the affidavit, which was made by the attorney for the plaintiff in the original actions, states: ''That a good and sufficient cause of action exists in favor of the said plaintiff and against the defendant in said action, for the sum of twenty-seven hundred and five dollars for the wrongful conversion of certain property belonging to the estate of Michel Cartier, deceased, as fully appears from the verified complaint on file herein, which said complaint is in words and figures as follows, to wit.'' Then follows a copy of such complaint.

This is but the statement of the opinion of the affiant that the complaint states a good and sufficient cause of action. It is not a statement of the affiant that the matters set forth in the complaint are true. We apprehend that no prosecution for perjury would lie against the affiant predicated upon the falsity of any of the matters set forth in the complaint. The affidavit in question differs radically from the affidavits held sufficient in *Legare* v. *California S. R. R. Co.*, 76 Cal. 610, [18 Pac. 777], and *Ex parte Howitz*, 2 Cal. App. 753, [84 Pac. 229], where the affiant made oath to the truth of the facts stated in the document referred to. In the Howitz case the complaint was annexed to and made a part of the affidavit, and the affiant averred ''that the allegations contained therein are true.'' In *Legare* v. *California S. R. R. Co.*, the affidavit referred to the complaint on file, and made it a part and portion of the affidavit. The language was such that the court held that ''the oath to the affidavit is an oath to the truth of the document referred to.''

That cannot be justly said of the language of the affidavit in this case. Though the complaint is set forth in the affidavit, the affiant does not make oath to the truth of any matter contained therein. It certainly is not -sufficient for the affiant to state in general terms that a good and sufficient

cause of action exists. This is a matter for the ·judge to determine, and the facts constituting the cause of action must be set forth and sworn to,. either positively or upon information and belief. If sworn to upon information and belief the facts upon which the information and belief are founded must be stated. The jurisdiction to issue an order of arrest in a civil suit rests upon the affidavit. Where the affidavit in an essential particular fails to meet the requirements of the law the court is without jurisdiction to issue the order for arrest. (*Ex parte Fkumoto,* 120 Cal. 316, [52 Pac. 726]; *Neves* v. *Kosta,* 5 Cal. App. 111, [89 Pac. 860].)

The court did not err in sustaining the objection to the offer of the affidavit or in granting the motion for a nonsuit, and the judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.