[Crim No 379.    Second Appellate District.—March 18, 1915.]

## In the Matter of the Application of WILLIAM J. CAPLES for a Writ of Habeas Corpus.

ARREST IN CIVIL ACTION—DEPARTING FROM STATE TO DEFRAUD CREDITORS.—If it appears from an affidavit in a civil action that the defendant is about to depart from the state with intent to defraud his creditors, a sufficient case is made out to warrant his arrest.

ID.—FORM OF AFFIDAVIT.—In such a case the party making the affidavit upon which an order for arrest in a civil action is asked may follow the statute and declare in positive terms that the defendant is about to depart from the state with intent to defraud his creditors or he may set up the facts which will warrant the judge in concluding that such is the intent of the defendant.

APPLICATION for a Writ of Habeas Corpus originally made in the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

Earl Rogers, W. H. Dehn, and Milton M. Cohen, for Petitioner.

S. H. French, and Avery & French, for Respondent.

THE COURT.—Petitioner herein was arrested on civil process. One Gamage brought suit against him based upon an alleged indebtedness in the sum of six hundred and fifty dollars evidenced by a promissory note. Upon the commencement of that action the plaintiff filed in the superior court an affidavit setting forth facts upon which he claimed the right to have an order made for the arrest of the defendant, this petitioner. That affidavit first set out facts showing the cause of action existing in behalf of the affiant, and then contained this recitation: "That said defendant obtained this sum of $650 from this payee mentioned in said note upon the false and fraudulent representation that he had an interest in an estate in Texas and would send for and obtain said money to pay said note; that he has never done so and has not paid said note or any portion thereof, either principal or interest; that defendant has no fixed place of business in California, and is temporarily here, and is about to leave the state of California, and with the intent to defraud his creditors in this state, and to return to Texas."

The contention of petitioner is that, as arrests may be made on civil process only in cases of fraud, that such fraud is not shown by recitations in this affidavit. Section 479 of the Code of Civil Procedure, provides that an arrest may be made in such a case "when the defendant is about to depart from the state with intent to defraud his creditors." Section 481 of the same code provides that the order may be made whenever it appears to the judge by the affidavit of the plaintiff, or some other person, that a sufficient cause of action exists, and that the case comes within the provisions of section 479, above cited. It is then provided that: "The affidavit must be either positive or upon information and belief; and when upon information and belief, it must state the facts upon which the information and belief are founded." If it appears from the affidavit that the defendant is about to depart from the state with intent to defraud his creditors, a sufficient case is made out to warrant his arrest. As to whether the facts constituting the evidence from which the conclusion is to be deduced as to the intent of the defendant in that regard need be stated, we think our supreme court has answered that question very plainly. A careful consideration of *Ex parte Fkumoto,* 120 Cal. 316, [52 Pac. 726], and *Fkumoto* v. *Marsh,* 130 Cal. 66, [80 Am. St. Rep. 73, 62 Pac. 303, 509], requires that the

affidavit in this matter be held sufficient in substance. The effect of the decisions cited is to hold that the party making the affidavit upon which an order of arrest in a civil action is asked may follow the statute and declare in positive terms that the defendant is about to depart from the state with intent to defraud his creditors, or he may set up the facts which will warrant the judge in concluding such to be the intent of the defendant. In either case the affidavit will be held sufficient.

The writ is discharged and petitioner remanded to the custody of the sheriff.