[Crim. No. 553.   Second Appellate District.—July 6, 1917.]

In the Matter of the Application of MAURICE KEENE, Whose True Name is MAURICE CHANEY, for a Writ of Habeas Corpus.

ARREST IN CIVIL ACTION—INFORMATION AND BELIEF AFFIDAVIT—STATEMENT OF FACTS.—The statement of the facts in an affidavit for an order of arrest in a civil action under sections 479 and 481 of the Code of Civil Procedure, when made upon information and belief, must be positive and clear, and must be such evidence as would be competent and receivable upon the trial of an action to justify an ordinary judgment for money.

ID.—STATEMENT OF EVIDENTIARY FACTS.—The affidavit for an order of arrest in a civil action need not state the evidentiary facts upon which the principal fact rests, if instead thereof the affidavit follows the statute and declares in positive terms that such principal fact exists, but if the facts stated in the affidavit show that necessarily affiant is acting only on information and belief other than actual knowledge, then the evidentiary facts must be stated.

ID.—ORDER OF ARREST—FRAUD IN CONTRACTING DEBT—SUFFICIENCY OF AFFIDAVIT.—An order for an arrest pursuant to section 481 of the Code of Civil Procedure for fraud in contracting the debt or incurring the obligation for which the action is brought is authorized upon affidavits reciting that the defendant represented himself to be a reputable business man, whereas in fact he was a man of bad repute and doing business under an assumed name, that such name was assumed in order to defraud creditors, that he concealed the property purchased from the plaintiffs to prevent its being taken under attachment, and had stopped payment of a check given in part payment for the property.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Second Appellate District to secure the release of the petitioner from custody under an order of arrest in a civil action.

The facts are stated in the opinion of the court.

Willedd Andrews, for Petitioner.

W. J. Ford, and Henry G. Bodkin, for Respondent.

CONREY, P. J.—*Habeas corpus.* The petitioner is in custody of the sheriff of Los Angeles County pursuant to an order of arrest issued in accordance with certain provisions of the Code of Civil Procedure. Section 479 of that code provides that the defendant may be arrested in certain cases, one of which is ''when the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought.'' Section 481 provides that an order for the arrest of the defendant may be made whenever it appears to the judge, by the affidavit of the plaintiff, or some other person, that a sufficient cause of action exists, and that the case is one of those mentioned in section 479. ''The affidavit must be either positive or upon information and belief; and when upon information and belief, it must state the facts upon which the information and belief are founded.''

The commitment presented with the sheriff's return shows that a judge of the superior court, in an action against the petitioner herein and one other person, ordered the arrest of the petitioner. In that order it was stated that it appeared to the judge from the verified complaint on file and from the affidavit submitted on the part of the plaintiff that a sufficient cause of action exists against the defendants, and that the case is one of those mentioned in section 479 of the Code of Civil Procedure, and that the defendants and each of them have been guilty of fraud in contracting the debt for which the action is brought. The petition for the writ contains copies of the affidavits. One of those affidavits states that a copy of the complaint is thereto annexed and made a part thereof. The petition does not negative the fact that a copy of the complaint was annexed to the original affidavit; therefore we presume that the complaint was before the judge

when he made his order of arrest and that it does state a cause of action. The affidavits also directly show that the defendants purchased from the plaintiff merchandise, to wit, certain quantities of butter, of a value exceeding three thousand dollars, which was delivered to the defendants; that the defendants have not paid the purchase price or any part thereof, and that the same is due, owing, and unpaid. The affidavit of Axel Whitefield, a recent employee of the defendants, states that the defendants Maurice Chaney and Albert Chaney have been doing business under the name of Keene Butter Company and have represented themselves in all business transactions as Maurice Keene and Albert Keene, respectively; that Maurice Chaney was convicted of using the United States mails to defraud, in the district court of the United States in the city of San Francisco, California, in 1912, and sentenced for a term of four years, of which term he served three years and one month, and was released from the penitentiary at McNeil's Island on or about November 1, 1915; that the defendants have been guilty of fraud in contracting their indebtedness with the plaintiff, in that the defendants represented themselves to be reputable business men, whereas in fact the defendant Maurice Chaney was a man of bad repute and doing business under an assumed name, "and each of said defendants assumed said fictitious name in order that they might defraud plaintiff herein, and other creditors"; that defendants have fraudulently concealed, removed, and disposed of certain of said butter to prevent its being found or taken by the sheriff in any action commenced by the plaintiff herein, or any of the other creditors of said defendants; that defendants stated to affiant that they would not deposit any further money in the bank for the reason that they were afraid that plaintiff herein would attach said money, and that said defendants would keep their money in other places.

The affidavit of R. F. Bennett, the president of the plaintiff company, states that on or about the seventh day of June, 1917, the defendants ordered a consignment of butter to be shipped to them to the city of Los Angeles; that the defendants at that time represented to the plaintiff that in case said butter was shipped to them they would immediately forward check to plaintiff for the amount of money due to date and for said consignment; that, relying upon such representations,

the plaintiff shipped said butter, of the value of one thousand dollars or thereabouts, to the defendants in accordance with such agreement; that the defendants thereupon mailed a check to the plaintiff for the sum of one thousand dollars or thereabouts; that thereafter, after the receipt of said butter by the defendants, they caused payment to be stopped on the check so received and said check was dishonored by the bank upon which the check was drawn; that no money has been paid by the defendants, or either of them, to the plaintiff on account of said butter so furnished as aforesaid; that the plaintiff would not have furnished and delivered said butter or any part thereof to the defendants, or either of them, if it were aware of the true name of defendants herein, and if it were not for the fact that said defendants had forwarded said check to the plaintiff. The check was annexed to the affidavit. It was drawn on June 7, 1917, for $1,061.87 in favor of the plaintiff, signed, "The Keene Butter Co., by M. Keene." It bears the indorsement "Payment stopped," and is marked "Cancelled June 13, 1917."

Counsel for petitioner claims that the affidavits do not tend to show and furnish no foundation upon which the judge of the superior court was authorized to find that it appeared thereby that the petitioner had been guilty of a fraud in contracting the debt or incurring the obligation for which the action was brought. He claims that the only statements made pertinent to that charge are upon information and belief, and that the facts upon which such information and belief were founded are not stated. We agree that the statement of facts upon which an information and belief allegation is founded, to authorize an order of arrest, must be positive and clear, and must be such evidence as would be competent and receivable upon the trial of an action to justify an ordinary judgment for money. (*Ex parte Fkumoto*, 120 Cal. 316, [52 Pac. 726]; *Fkumoto* v. *Marsh*, 130 Cal. 66, [80 Am. St. Rep. 73, 62 Pac. 303, 509].) It is also true that the affidavit upon which an order of arrest in a civil action is asked need not state the evidentiary facts upon which the principal fact rests, if instead thereof the affidavit follows the statute and declares in positive terms that such principal fact exists. (*Matter of Caples*, 26 Cal. App. 786, [148 Pac. 795].) This is subject, of course, to the qualification that if the facts stated in the affidavit show that necessarily affiant is acting only on

information and belief other than actual knowledge, then the evidentiary facts must be stated.

In the present instance those portions of the affidavits to which we have referred in the foregoing statement do not purport to have been made on information and belief. While some of the expressions therein contained may be construed as stating the conclusions of the affiant, there remain substantial statements of facts apparently within the knowledge of Whitefield and of Bennett, which we think are legally sufficient to have authorized the order of arrest.

The writ is discharged and petitioner is remanded.

James, J., and Works, J., *pro tem.,* concurred.