[Crim. No. 719.   Second Appellate District, Division Two.—April 13, 1920.]

In the Matter of the Application of F. F. GILLETT for a Writ of Habeas Corpus.

[1] ARREST AND BAIL—CONVERSION IN COURSE OF EMPLOYMENT—ESSENTIAL OF AFFIDAVIT.—An essential of an affidavit, to justify an order of arrest under subdivision 2 of section 479 of the Code of Civil Procedure, is that the misappropriation or conversion of the property occurred in the course of the defendant's employment as agent of plaintiff. It is not sufficient to state that he was such agent at the time the property came into his possession.

[2] ID.—FRAUDULENT CONVERSION—WANT OF KNOWLEDGE BY AFFIANT—SUFFICIENCY OF AFFIDAVIT.—An affidavit charging fraudulent conversion substantially in the language of subdivision 4 of section 479 of the Code of Civil Procedure is insufficient to justify an order of arrest, where it is apparent therefrom that affiant has no personal knowledge of how or why or when, if at all, defendant disposed of plaintiff's property.

PROCEEDING on Habeas Corpus by a person detained in the custody of the sheriff under an order of arrest issued by virtue of the provisions of section 479 of the Code of Civil Procedure. Petitioner discharged.

M. M. Meyers and John P. Hogan for Petitioner.

No appearance for Respondent.

SLOANE, J.—The petitioner is seeking under this writ to secure his discharge from the custody of the sheriff of Los Angeles County. The sheriff justifies the detention of petitioner under an order of arrest issued by the superior court of Los Angeles county by virtue of the provisions of section 479 of the Code of Civil Procedure for arrest and bail in civil actions.

It is contended by petitioner that the affidavit under which the arrest was ordered is not sufficient to give the court jurisdiction to make the order.

The affidavit purports to be in pursuance of subdivisions 2 and 4 of said section 479. Under subdivision 2 it is apparently sought to charge the defendant with having converted to his own use and embezzled money or property belonging to the plaintiff, while the same was in defendant's custody in a fiduciary employment as agent of plaintiff, and in the course of his employment as such agent. Under subdivision 4 it is attempted to charge the defendant with fraud in concealing or disposing of the property for the detention or conversion of which the action is brought. At any rate, if the affidavit does not state facts bringing the matter within these provisions of the subdivisions named, it is wholly and hopelessly futile.

The matters alleged in the affidavit, so far as they are material in determining the objections to its sufficiency, are as follows: "R. H. Chappel, being first duly sworn, deposes and says: I am the Assistant Treasurer of the Standard Scale & Supply company, a corporation, plaintiff herein; that at all of the times herein alleged the property hereinafter described was the property of plaintiff herein, until the fraudulent conversion of the money arising from the sale thereof by defendant, with whom all of said personal property was placed by plaintiff, as plaintiff's agent. . . .

That defendant herein, at times actually unknown to affiant and plaintiff corporation, but believed to be on or about two years next preceding the bringing of the suit herein, did unlawfully, wrongfully and fraudulently convert to his own use and dispose of and sell the hereinbefore described personal property, with the intent to cheat and defraud plaintiff of said personal property and the value thereof; that defendant has received the full value of said property 'n money; and has unlawfully, wrongfully and fraudulently refused to pay to plaintiff, or account to plaintiff, for said money, and no part of the money so received therefrom by the defendant has ever been delivered to or paid to plaintiff . . . ''

[1] It is apparent that an essential of an affidavit, to justify the order of arrest under subdivision 2, is that the misappropriation or conversion of the property occurred in the course of the defendant's employment as agent of plaintiff. The fact that he was at any time such agent is only impliedly stated, by referring to the defendant as one ''with whom all of said property was placed by plaintiff, as plaintiff's agent.'' This averment, such as it is, refers to the time when the property was intrusted to defendant. The time when the alleged misappropriation took place is expressly declared to be unknown to affiant or plaintiff, and is nowhere intimated that the fiduciary relation existed at that time, or that the acts complained of were in the course of his employment.

[2] As to the averment charging fraudulent conversion under subdivision 4 of the section, it may be said to be substantially in the language of the statute. It has been held that an affidavit charging the acts substantially in the language of the statute is sufficiently specific if the allegations are made upon affiant's own knowledge of the facts. (*Matter of Caples*, 26 Cal. App. 786, [148 Pac. 795]; *In re Keene*, 34 Cal. App. 263, [167 Pac. 194].) In the latter decision the court says: ''The affidavit upon which an order of arrest in a civil action is asked need not state the evidentiary facts upon which the principal fact rests, if instead thereof the affidavit follows the statute and declares in positive terms that such principal fact exists''; but it is further added in the opinion that ''this is subject of course to the qualification that if the facts stated in the affidavit show that necessarily affiant is acting only on information and

belief other than actual knowledge, then the evidentiary facts must be stated.'' The affiant in this case describes himself as the assistant treasurer of the plaintiff corporation, as of the date of the affidavit. It does not appear how far back his connection with the plaintiff company extended, or whether he had any personal knowledge of its transactions; and, as already pointed out, he expressly avers that the alleged wrongful acts of defendant occurred ''at times actually unknown to affiant and plaintiff corporation, but believed to be on or about two years next preceding the bringing of the suit herein.'' How long prior to the date of the affidavit the suit was begun does not appear. In any event, it must be apparent that affiant had no personal knowledge of how or why or when, if at all, defendant disposed of plaintiff's property. It is at least a fair presumption that if he had no knowledge during a period of more than two years after the happening of the event that there had been a conversion of plaintiff's goods he was not in a position to testify on his own knowledge of the manner and nature of the conversion. Such presumption was entertained in *Ex parte Fkumoto*, 120 Cal. 316, [52 Pac. 728], where it is said: ''Several of the statements of fact are made expressly on information and belief, while many others, although not so stated in terms, are of a character which could in their nature only have been so made, whereas the facts upon which such information and belief are founded are in no instance given. In this the affidavit fails to comply with one of the express requirements of the statute''—Code of Civil Procedure, section 481.

It is difficult to understand how, even on the most positive statement of personal knowledge, the bare averment that the act was done fraudulently can be accepted as a statement of fact in support of an order of arrest, whereby in a civil action a defendant is deprived of his liberty, when the same statement would constitute an insufficient averment of the fraud in the complaint to recover the money or property claimed to be misappropriated. (*Heller* v. *Dyerville Mfg. Co.*, 116 Cal. 127, [47 Pac. 1016]; *Truett* v. *Onderdonk*, 120 Cal. 581, [53 Pac. 26].) Fraud is the gist of this proceeding. Its existence should be determined from the evidence stated, and not as a conclusion of the affiant. ''Where no prosecution for perjury would lie against affiant, predicated

upon the falsity of any matters set forth in the complaint, it is radically insufficient." (*Peterson* v. *Nesbitt,* 11 Cal. App. 370, [105 Pac. 133].) In *Ex parte Fkumoto, supra,* the court, while impliedly conceding that allegations of fact made in the words of the statute are sufficiently stated, in discussing the requisite proof of fraud under an affidavit in arrest and bail, says: "It is not enough to assert such fraudulent intent in general terms. Like the statement of proof of a cause of action for fraud, the specific facts relied on must be shown, that the court itself may deduce the fraud, and not leave the question of the sufficiency of the facts to be passed upon by the party. (*Morris* v. *Talcott,* 96 N. Y. 107.) If this is so in cases not involving the liberty of a citizen, *a fortiori* is it demanded in a prosecution like this. Otherwise the party is constituted the arbiter of his own rights." "A warrant of arrest cannot be issued on hearsay, nor upon any statement, however positive, founded upon hearsay." (*Lay* v. *Superior Court,* 11 Cal. App. 558, [105 Pac. 775].) It may be added that such warrant of arrest cannot be made upon the mere statement of a conclusion of law.

In this case the defendant, petitioner here, seems to have come lawfully into the possession of the property involved. It does not appear when it was delivered to him, but it is admitted that for a period of two years or upward the plaintiff corporation had had no knowledge of its condition or whereabouts, or the circumstances under which the petitioner disposed of it. It would be the establishment of a dangerous precedent to permit the petitioner here to be deprived of his liberty upon the bare statement of a conclusion or opinion of the assistant treasurer of the company that there was a fraudulent conversion of the goods.

The petitioner is discharged.

Finlayson, P. J., and Thomas, J., concurred.