[Crim. No. 943.  Second Appellate District, Division Two.—November 29, 1922.]

## In the Matter of the Application of J. MILLER for a Writ of Habeas Corpus.

[1] ARREST IN CIVIL ACTION — SUFFICIENCY OF AFFIDAVITS — CONCLUSIONS OF LAW—HEARSAY.—Neither conclusions of law nor matters of hearsay in an affidavit may be looked to in determining whether sufficient ground has been shown for an order of arrest under subdivision 4 of section 479 of the Code of Civil Procedure.

[2] ID. — INSOLVENCY OF DEBTOR — WHEN ARREST AUTHORIZED. — The fact that a purchaser is insolvent at the time he contracts for the purchase of certain hay, and that he receives and resells the hay but fails to make any payment to his vendors, will not justify his arrest under subdivision 4 of section 479 of the Code of Civil Procedure, in the absence of a showing that he concealed or omitted to disclose his insolvency at the time the obligation was incurred, and his insolvency is available even then only when accompanied by a showing that he could not reasonably expect to pay the indebtedness incurred or that there was a fraudulent intent on his part not to pay.

PROCEEDING in Habeas Corpus to secure the release of petitioner from custody under an order of arrest issued in a civil action.   Petitioner discharged.

The facts are stated in the opinion of the court.

Jesse R. Shafer for Petitioner.

Newby & Palmer for Respondent.

WORKS, J.—Petitioner is in the custody of the sheriff of Los Angeles County pursuant to proceedings taken under

sections 479 and 481 of the Code of Civil Procedure. The former section provides for the cases in which defendants in civil actions may be arrested. Section 481 is to the effect that an order for such an arrest may be made "Whenever it appears to the judge, by the affidavit of the plaintiff, or some other person, that a sufficient cause of action exists, and that the case is one of those mentioned in section four hundred and seventy-nine. The affidavit must be either positive or upon information and belief; and when upon information and belief, it must state the facts upon which the information and belief are founded . . . "

The "Affidavit for Order of Arrest," so entitled, pursuant to which petitioner was arrested, sets forth facts tending to show that the "case" was "one of those mentioned in section" 479. It is also stated in the affidavit "that a cause of action exists in favor of the plaintiffs against the said defendant," petitioner here, " . . . as fully appears from the verified amended complaint herein, a copy of which is hereunto annexed and made a part of this affidavit." There were two plaintiffs in the action in which petitioner was defendant, and one of them made oath to the affidavit. The amended complaint referred to in the affidavit was verified by the other plaintiff, the verification being in the form required by section 446, Code of Civil Procedure, and, therefore, containing the statement "that the same is true of his own knowledge, except as to the matters which are therein stated upon his information and belief, and as to those matters he believes it to be true."

Petitioner contends that the affidavit for order of arrest, so entitled, contains no statement that the allegations of the amended complaint are true and that, therefore, there is no showing by affidavit, as required by section 481, that "a sufficient cause of action exists" against the defendant, there being in the affidavit no statement of the facts constituting the alleged cause of action. We find it unnecessary to decide whether the amended complaint, verified by one of the plaintiffs as it was, may be considered as an affidavit under section 481, although the point naturally arises. We do not decide that question, but concede to respondent for the sake of argument that the amended complaint may be so considered, for the reason that the showing made by the "affidavit," so called, and by the amended complaint

as an affidavit, when taken together, was in our opinion insufficient to support the order of arrest. The question whether a complaint may be considered as an affidavit for an order of arrest was before the supreme court in *Ex parte Yonetaro Fkumoto,* 120 Cal. 316 [52 Pac. 726], but was not decided. The point was decided, in effect, in *Peterson* v. *Nesbitt,* 11 Cal. App. 370 [105 Pac. 135], but we express neither an assent to nor a dissent from the doctrine of the opinion in that case.

[1] Petitioner contends that there was no sufficient showing of fact to justify the making of the order of arrest under which the sheriff detains him. It is insisted, first, that conclusions of law stated in the affidavits may not be considered as a support for the order. This contention is upheld in *Ex parte Gillett,* 47 Cal. App. 107 [190 Pac. 209]. It is also said that matters of hearsay in an affidavit may not be looked to in determining whether sufficient ground has been shown for an order of arrest. This contention is also supported by well-reasoned authority. It was determined in *Neves* v. *Costa,* 5 Cal. App. 111 [89 Pac. 860], that where a plaintiff states facts in his affidavit in support of statements made therein upon his information and belief, the supporting matters so stated must be facts within his own knowledge. It is there said: "In order that a party who has not sufficient knowledge of his own to make the required showing may avail himself of this provisional remedy in a proper case, the code permits him to supplement his own affidavit with that of some one else who knows some fact or facts."

[2] We therefore proceed to state the facts shown by the two affidavits, treating the amended complaint as one, omitting from our recital all conclusions of law and statements of hearsay, and bearing in mind that petitioner's arrest was sought under the terms of subdivision 4 of section 479, to the effect that a defendant may be arrested when he "has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought." It is shown by the affidavits that petitioner entered into a written agreement with plaintiffs in the action, the contract being for the purchase by him from them of five hundred tons of hay, "approximately, more or less," at fifteen dollars the ton, payment to be made thirty days after delivery

to petitioner of receipt for total weights of hay delivered to him. It is further shown that 440 tons of hay were delivered to petitioner between June 26 and August 29, 1922; that petitioner stated to one of the plaintiffs that the weights of hay were delivered to him prior to August 29th, the complaint having been filed on or after October 11th and the order for petitioner's arrest having been made on November 6th; and that on or about September 30th one of the plaintiffs asked petitioner "what he had done with the money he had received from the sale of the hay purchased by him from the plaintiffs in this action and from other persons, and the defendant gave no satisfactory response, saying only that he had 'spent it for expenses.'" In explanation of this quoted matter it should be said that it follows hearsay statements in the "affidavit" to the effect that petitioner had hurriedly sold the hay he had purchased from the plaintiffs and from others at a sacrifice in order to convert it into cash. It is further shown by the affidavits that petitioner was insolvent at all the times mentioned therein. A mere perusal of this recital serves to convince that there was no showing sufficient to support the order of arrest. The only matter tending even slightly in that direction was the allegation of insolvency, but even that averment is insufficient, for the reason that there was no showing that the plaintiffs did not know of petitioner's insolvency at the time the contract between them was made. An averment of insolvency in such cases is a factor only where it is shown that the defendant sought to be arrested conceals or omits to disclose his insolvency at the time the obligation is incurred, and it is available even then only when accompanied with a showing that the person cannot reasonably expect to pay the indebtedness incurred or that there is a fraudulent intent on his part not to pay (5 C. J. 458, 459). The affidavits here are barren of any allegations in these respects.

Petitioner is discharged from custody.

Finlayson, P. J., and Craig, J., concurred.